IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
OCT 29 2014
BY DAVID J. MALAND, CLERK
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § § § | CIVIL NO. 9:14-CV-138 (RC) |
| v. | § § | JUDGE RON CLARK |
| JOHN PARKS TROWBRIDGE, JR., et al., | § § | |
|     *Defendants.* | § | |

**DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S MOTION FOR THE COURT TO CERTIFY THE COURT'S "ORDER GOVERNING PROCEEDINGS" (Doc. #15) FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS PENDING OUTCOME OF SAID APPEAL; MEMORANDUM IN SUPPORT**

NOW COMES John Parks Trowbridge, Jr., specially and not generally, and respectfully, in the above-captioned matter, to request that this Honorable Court take judicial notice of the enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court directed that the pleadings of those unschooled in law, such as defendant JOHN PARKS TROWBRIDGE, JR. (the "Defendant"), shall be held to less stringent standards than formal pleadings drafted by lawyers and, pursuant to 28 U.S.C. § 1292(b), to move the Court to certify to the Fifth Circuit Court of Appeals the Court's Order Governing Proceedings (Doc. #15) (the "Order") for interlocutory appeal, and order a stay of proceedings pending outcome of said appeal.

### INTERLOCUTORY APPEAL

Title 28 U.S.C. § 1292 *Interlocutory decisions* provides, in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

### STATUTORY REQUIREMENTS FOR INTERLOCUTORY APPEAL

The June 6, 2014, Memorandum Order of the court in *Glista and Orr v. Norfolk Southern Railway Company*, 2:14cv380, U.S.D.C. W.D. Pa., provides:

> The statutory requirements for interlocutory appeal were long ago succinctly set forth in Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974) (*en banc*): "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Id. at 754 (quoting 28 U.S.C. § 1292(b)).

### CONTROLLING QUESTION OF LAW

**1. Whether the Constitution authorizes the Court to issue the Court's September 17, 2014, "Order Governing Proceedings."**

That certain Constitution ordained, established, and implemented March 4, 1789, Independence Hall, Philadelphia, Pennsylvania (the "Constitution"), creates the federal judicial power and defines the maximum extent of that power in pertinent part of Article 3 § 1 and in § 2 thereof; to wit, respectively:

> The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. . . .

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; to all Cases affecting Ambassadors, other public Ministers and Consuls; to all Cases of admiralty and maritime Jurisdiction; to Controversies to which the United States shall be a Party; to Controversies between two or more States; between a State and Citizens of another State; between Citizens of different States; between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

That the constitutional limitations on federal jurisdiction make Article III courts, courts of limited jurisdiction is well settled; e.g.:

> It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded. *Owen Equipment. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (jurisdiction lacking).
>
> Federal courts are courts of limited jurisdiction: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal quotations omitted). *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).
>
> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U. S. 131, 136–137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U. S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U. S. 6 (1951). *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
>
> Rather, it [the language of Article 3 § 2 of the Constitution] authorizes Congress to . . . determine the scope of the federal courts' jurisdiction within constitutional limits. *Kline v. Burke Constr. Co.*, 260 U. S. 226, 233–234 (1922); *Mayor v. Cooper*, 6 Wall. 247, 252 (1868). *Hertz Corp. v. Friend*, 559 U. S. ___ (2010).

*Bouvier's Law Dictionary*, Third Revision (Being the Eighth Edition), by Francis Rawle provides, in pertinent part of page 1761: "*Limited jurisdiction* (called, also, *special* and *inferior*) is that which extends only to certain specified causes."

The United States Code provides, in pertinent part:

> TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE
> . . . CHAPTER 176—FEDERAL DEBT COLLECTION PROCEDURE
> . . . § 3002. Definitions
>   As used in this chapter:
>     . . . (2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.
>     (3) "Debt" means—
>       . . . (B) an amount that is owing to the United States on account of a[n] . . . assessment, penalty . . . interest, tax . . . but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

and includes any amount owing to the United States for the benefit of an Indian tribe or individual Indian, but excludes any amount to which the United States is entitled under section 3011(a).
 . . . (8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.
 . . . (15) "United States" means—
 (A) a Federal corporation;
 (B) an agency, department, commission, board, or other entity of the United States; or
 (C) an instrumentality of the United States.

The Court is a court created by the Congress of the United States which is authorized by the Constitution and statute to enter a judgment, order, or decree in favor of the United States arising from a civil or criminal proceeding regarding a debt.

Authority for a federal court to enter a judgment, order, or decree in favor of the United States arising from a criminal proceeding regarding a debt, however, does not fall within one of the certain specified causes enumerated in Article 3 § 2 of the Constitution to which limited jurisdiction extends.

Wherefore, the Court is not a court of limited jurisdiction established under Article III of the Constitution to administer the judicial power therein conveyed.

Article 4 § 3(2) of the Constitution provides, in pertinent part:

> The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; . . .

The only type of inferior federal court authorized to enter a judgment, order, or decree in favor of the United States arising from a criminal proceeding regarding a debt, is a court created by virtue of the sovereign congressional faculty, granted under Article 4 § 3(2) of the Constitution, *supra*, of making all needful rules and regulations respecting the territory or other property belonging to the United States.

Whereas, there is no evidence that Tyler County, Texas, wherein Defendant resides and Defendant's property is located, is situate within territory or other property belonging to the United States, there is no provision of the Constitution that authorizes the Court, a territorial court, to hear any cause of action against Defendant or Defendant's property or prosecute the instant lawsuit or issue the Court's September 17, 2014, "Order Governing Proceedings."

SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION AS TO CORRECTNESS OF THE ORDER

2. **Plaintiff infers that the Court's September 17, 2014, "Order Governing Proceedings" (the "Order") is valid; the Court has yet to withdraw the Order.**

Following issuance of the Order, Defendant receives an October 15, 2014-dated letter from counsel for Plaintiff (attached hereto and made fully part hereof by reference) in which said counsel informs Defendant that "The Court has ordered us meet" and requests that Defendant contact said counsel to schedule a time to discuss the case and "prepare the joint report required by the Court."

Defendant on October 17, 2014, sends counsel a response (attached hereto and made fully part hereof by reference) indicating Defendant's willingness to do anything the law requires Defendant to do, but also requesting "the constitutional authority that allows the Court to assume the duty of prosecuting the case or issue orders *sua sponte* that require the litigants to perform specific tasks."

Rather than simply citing the constitutional authority upon which Plaintiff believes the Court relies for authority to proceed, said counsel, in said counsel's October 20, 2014, reply letter (attached hereto and made fully part hereof by reference):

- impliedly accuses Defendant of seeking to instigate "a back and forth debate on the constitutionality of a United States District Court's ability to issue orders in a case they [*sic*] are assigned";

- notes that Plaintiff interprets Defendant's inquiry as "a refusal to recognize the validity of the Court's order and to meet regarding its requirements"; and
- refers again to the "required deadline" to file a joint report.

It is reasonable to presume from the record of this cause and correspondence from Plaintiff that the Court and counsel for Plaintiff are of the opinion that the Order is valid and obtains against Defendant and Defendant's property.

The Court, however, as shown above, is not vested with the federal judicial power granted in Article III of the Constitution, but created by virtue of the sovereign congressional faculty, granted under Article 4 § 3(2), a.k.a. the *territorial clause*, and of a species of court the Supreme Court refers to as a *territorial court*; to wit:

> [A court authorized by the Constitution and statute to enter a judgment, order, or decree in favor of the United States arising from a criminal proceeding regarding a debt] is not a true United States court established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The *resemblance* of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a court not subject to local influence, does not change its character as a mere territorial court. *Balzac v. People of Porto Rico*, 258 U.S. 298, 312 (1922).

Congress on June 25, 1948, give judicial Article III constitutional courts, i.e., "District Courts of the United States," the same name as legislative Article IV territorial courts, i.e., "United States District Courts"; to wit, in pertinent part of the United States Code:

> TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE
> ... CHAPTER 5—DISTRICT COURTS
> ... § 132. Creation and composition of district courts
> (a) There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.
> ... (June 25, 1948, ch. 646, 62 Stat. 895 . . .)

Notwithstanding that legislative Article IV territorial courts and judicial Article III constitutional courts now use the same name, i.e., "United States District Court," no mere label / moniker can alchemize the nature / character of a mere territorial court into that of a constitutional court; to wit:

> The term 'District Courts of the United States,' as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.' Reynolds v. United States, 98 U.S. 145 , 154; The City of Panama, 101 U.S. 453 , 460; In re Mills, 135 U.S. 263, 268 , 10 S.Ct. 762; McAllister v. United States, 141 U.S. 174, 182 , 183 S., 11 S.Ct. 949; Stephens v. Cherokee Nation, 174 U.S. 445, 476 , 477 S., 19 S.Ct. 722; Summers v. United States, 231 U.S. 92, 101 , 102 S., 34 S.Ct. 38; United States v. Burroughs, 289 U.S. 159, 163 , 53 S.Ct. 574. Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended. *Mookini v. United States*, 303 U.S. 201, 205 (1938).

The ultimate determinant of the correctness of the Order vis-à-vis the Defendant is the constitutional provision that authorizes its issuance.

As shown *supra*, the Court is a legislative tribunal created under authority of Article 4 § 3(2) of the Constitution—with territorial jurisdiction in one of the geographical areas described therein or in Article 1 § 8(17), and personal jurisdiction only over residents thereof. Texas, wherein Defendant resides, is situate without all such territory—and no constitutional provision authorizes any such court to issue the Order against a resident of Texas, such as Defendant.

Wherefore, in light of the above proof of the invalidity of the Order: That the Plaintiff and the Court, respectively, infer expressly and impliedly that the Order is valid is evidence of substantial ground for difference of opinion as to correctness of the Order.

IMMEDIATE APPEAL OF THE CORRECTNESS OF THE ORDER WILL
MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

3. **Immediate appeal of the correctness of the Order will result in a termination of the proceedings in this case.**

Difference of opinion as to the correctness of the Order stands in the way of termination of this lawsuit.

Defendant is prepared to settle immediately upon the appeals court's decision that the Court is of a species of inferior court vested with the judicial power granted in Article III of the Constitution and authorized to enter a judgment, order, or decree in favor of the United States arising from a criminal proceeding regarding a debt.

There is no reason to expend further judicial resources in the prosecution of this case. Interlocutory appeal and resolution of the instant controlling question of law will materially advance the ultimate termination of litigation to the degree that no matter which way the appeals court decides, this case will conclude.

WHEREFORE, Defendant John Parks Trowbridge, Jr. respectfully moves the Court to certify the Court's September 17, 2014, Order Governing Proceedings for interlocutory appeal and issue an order to stay proceedings pending outcome of said appeal.

DATE:     October 27, 2014              Respectfully submitted,

*[signature: John Parks Trowbridge Jr.]*

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2329



**U.S. Department of Justice**

*Tax Division*

TMA:LPH:JDS:as
DJ 5-75-9081
CMN 2014100845

717 N. Harwood
Suite, 400
Dallas, Texas 75201

Main Line: (214) 880-9721
Direct Line: (214) 880-9735
Fax: (214) 880-9741/9774
Joshua.D.Smeltzer@usdoj.gov

October 15, 2014

**Via Telefax (281-540-4329) & U.S. Mail**

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas 77338

Re: *United States v. John Parks Trowbridge, Jr., et al.*
Case No. 9:14-cv-00138-RC (E.D. Texas – Lufkin Division)

Dear Mr. Trowbridge:

The Court has ordered us to meet, via telephone, regarding the production of a Federal Rule of Civil Procedure 26(f) Report. This report involves scheduling of deadlines in the above referenced lawsuit. A copy of the order, listing the requirements of the conference, is enclosed for your reference.

We have called the phone number listed on your pleadings (i.e. (281) 540-2329) and were told by the assistant at your office that you were unavailable to talk on the phone and would not provide an email address to coordinate the necessary conference. The local rules for the Eastern District of Texas require that your signature on pleadings include an email address. *See* L.R. CV-11. We do not understand your refusal to provide your email address; however, in an effort to meet our obligations under the order, we are following your request to fax and mail our request for your availability for the court ordered conference.

Please contact us immediately with your availability so that we can schedule a time to discuss this case and prepare the joint report required by the Court. If you are unwilling to meet for the conference, please let us know and we will file the report on our own indicating that you refused to meet with us.

Sincerely yours,

*Joshua D. Smeltzer*

JOSHUA D. SMELTZER
United States Department of Justice – Tax Division
Trial Attorney, CTS-SW

Enclosure

8674502

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas

October 17, 2014

**Via Telefacsimile (214-880-9741) and U.S. Mail**

Re: Your letter of October 15, 2014

Dear Mr. Smeltzer:

Thank you for your inquiry.

I am very willing to meet for a conference or do anything else that I am required by law to do, but after reading your letter I need clarification.

It appears that the Court, and not the Plaintiff, is prosecuting the case.

Is the Court a court of limited jurisdiction? If so, please refer me to the constitutional authority that allows the Court to issue orders *sua sponte* that require the litigants to comply as ordered.

Very truly yours,

*[signature]*

John Parks Trowbridge, Jr.



**U.S. Department of Justice**

*Tax Division*

TWA:LPH:JDS:as
DJ 5-75-9081
CMN 2014100845

717 N. Harwood
Suite, 400
Dallas, Texas 75201

Main Line: (214) 880-9721
Direct Line: (214) 880-9735
Fax: (214) 880-9741/9774
Joshua.D.Smeltzer@usdoj.gov

October 20, 2014

**Via Telefax (281-540-4329) & U.S. Mail**

Mr. John Parks Trowbridge, Jr.
9816 Memorial Boulevard, #205
Humble, Texas 77338

Re: *United States v. John Parks Trowbridge, Jr., et al.*
Case No. 9:14-cv-00138-RC (E.D. Texas – Lufkin Division)

Dear Mr. Trowbridge:

We previously sent you a copy of the Court's order requiring us to meet to discuss scheduling and produce a joint report for the Court and requested your email address and availability for the required conference. Your recent letter, dated October 17, 2014, provided none of the requested information. Instead, you asked us to refer you "to the constitutional authority that allows the Court to assume the duty of prosecuting the case or issue orders *sua sponte* that require the litigants to perform specific tasks."

We will not engage in a back and forth debate on the constitutionality of a United States District Court Judge's ability to issue orders in a case they are assigned. We interpret your response as a refusal to recognize the validity of the Court's order and to meet regarding its requirements. Therefore, we will prepare and file our own report with the Court by the required deadline.

Sincerely yours,

JOSHUA D. SMELTZER
Trial Attorney
U.S. Department of Justice, Tax Division
Civil Trial Section – Southwestern

8685742

## CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on October 27, 2014, a true, correct, and complete paper copy of the foregoing DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S MOTION FOR THE COURT TO CERTIFY THE COURT'S "ORDER GOVERNING PROCEEDINGS" (Dkt. #15) FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS PENDING OUTCOME OF SAID APPEAL; MEMORANDUM IN SUPPORT was served by overnight third-party commercial delivery service or overnight United States Postal Service delivery upon the counsel of record as indicated below.  Further, two paper copies of the DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S MOTION FOR THE COURT TO CERTIFY THE COURT'S "ORDER GOVERNING PROCEEDINGS" (Dkt. #15) FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS PENDING OUTCOME OF SAID APPEAL; MEMORANDUM IN SUPPORT were filed on October 27, 2014, by overnight third-party commercial delivery service or overnight United States Postal Service delivery addressed to the Clerk of the District Court as indicated below.

Date:  October 27, 2014

*[signed]* John Parks Trowbridge, Jr.

John Parks Trowbridge, Jr.

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Clerk of the United States District Court
    for the Eastern District of Texas
104 North Third Street
Lufkin, Texas 75901

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 9:14-CV-138 (RC) |
| | § § | JUDGE RON CLARK |
| JOHN PARKS TROWBRIDGE, JR., et al., | § § | |
| Defendants. | § § | |

## ORDER GRANTING DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S MOTION FOR THE COURT TO CERTIFY THE COURT'S "ORDER GOVERNING PROCEEDINGS" (Doc. #15) FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING OUTCOME OF SAID APPEAL

Before the court is Defendant John Parks Trowbridge's Motion for the Court to Certify the Court's "Order Governing Proceedings" (Doc. #15) for Interlocutory Appeal and to Stay Proceedings Pending Outcome of Said Appeal, pursuant to 28 U.S.C. § 1292(b). [Doc. # ____]. On consideration of said Motion and Memorandum in Support, the court is of the opinion that said Order involves a "controlling question of law," offers a "substantial ground for difference of opinion" as to its correctness, and immediate appeal would "materially advance the ultimate termination of the litigation," fulfilling the recognized statutory requirements for interlocutory appeal. Further, the court is of the opinion that a fundamental question has been raised as to whether the Plaintiff has entered into the record competent evidence to show that it is authorized by law to bring this cause before the court to obtain judicial relief; accordingly, a stay of proceedings pending appeal would equitably conserve interests and effort of the Defendant without prejudice to prompt resolution of the claim put forward by the Plaintiff. Based upon statements made and signed in good faith by Defendant in said Motion and Memorandum in

Support submitted for review, the court is of the opinion that any decision of the Court of Appeals will resolutely conclude this matter without expenditure of further judicial resources. Pursuant to 28 U.S.C. § 1292(b), the court grants this motion for interlocutory appeal; and further, the court grants this motion for stay of proceedings pending outcome of the appeal.

    IT IS THEREFORE ORDERED that Defendant's Motion for the Court to Certify the Court's "Order Governing Proceedings" (Doc. #15) for Interlocutory Appeal is GRANTED. And further, IT IS THEREFORE ORDERED that Defendant's Motion for the Court to Stay Proceedings Pending Outcome of Said Appeal is GRANTED.

    So **ORDERED** and **SIGNED** this _____ day of _____, 2014.

_____
Ron Clark, United States District Judge