


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

UNITED STATES OF AMERICA, §
*Plaintiff,* §
v. § CIVIL NO. 9:14-CV-138 (RC)
§ JUDGE RON CLARK
JOHN PARKS TROWBRIDGE, JR. et al, §
*Defendants.* §

**DEFENDANT'S SECOND OBJECTION TO DENIAL OF DUE PROCESS OF LAW AND MOTION FOR THE COURT TO RECUSE ITSELF FOR (1) INCOMPETENCE BY REASON OF IGNORANCE OF LAW, (2) VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS, AND (3) FRAUD UNDER COLOR OF LAW, OFFICE, AND AUTHORITY; MEMORANDUM IN SUPPORT**

NOW COMES John Parks Trowbridge, Jr., specially and not generally, and respectfully and without attorney, in the above-captioned matter, to request that this Honorable Court take judicial notice of the enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court directed that the pleadings of those unschooled in law, such as defendant JOHN PARKS TROWBRIDGE, JR. (the "Defendant"), shall be held to less stringent standards than formal pleadings drafted by lawyers, and, pursuant to 26 U.S.C § 7701(a)(9) and (10) and (c); 28 U.S.C. § 132 and 3002(1), (2), (3), (8), and (15); basic rules of statutory construction; the Act of February 21, 1871, 16 Stat. 419; certain portions of *Bouvier's Law Dictionary*, *Black's Law Dictionary*, and *Merriam-Webster's Dictionary of Law*; *United States v. Dial and Salmon*, 757 F. 2d 163 (1985); *Cohens v. Virginia*, 19 U.S. 264, 6 Wheat. 265, 5 L.Ed. 257 (1821); *INS v. Chadha*, 462 US 919, 941, Sup. Ct. (1983); *Balzac v. People of Porto Rico*, 258 U.S. 298, 312 (1922); *Linardos v. Fortuna*, 157 F.3d 945 (2d Cir. 1998); *McNally v. United States*, 483 U.S. 350, 371 (1987); *United States v. Holzer*, 816 F. 2d 304 (1987); *Duncan v. Missouri*, 152 U.S.

377, 382 (1894); pertinent portions of *Handbook on the Construction and Interpretation of the Laws* and The Georgetown Law Journal; the constitutional doctrine of separation of powers; 18 U.S.C. § 13 and Texas Penal Code §§ 15.01, 15.02, 37.02, 37.03, 39.02, and 39.03, and the filings and evidence entered in the record of this case, to object for the second time to denial of due process of law, and move the Court to recuse itself for incompetence by reason of ignorance of law, violation of the doctrine of separation of powers, and fraud under color of law, office, and authority.

In support of this Motion, Defendant would show the Court the attached Memorandum, made fully part hereof and included herein by reference as though set forth in full.

WHEREFORE, Defendant prays the Court:

That the Court recuse itself for the hereinabove stated reasons.

DATE: November 25, 2014

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2255

**MEMORANDUM**

The record reflects (1) the filing of the amended answer (the "Amended Answer") (Dkt. #10) of the defendant, JOHN PARKS TROWBRIDGE, JR. (the "Defendant"), to the complaint (the "Complaint") of the plaintiff, United States of America (the "Plaintiff"), consisting of Defendant's confession and avoidance for fraud and prayer of judgment as of August 21, 2014, and (2) Defendant's motion for interlocutory appeal as of October 29, 2014 (the "Motion") (Dkt. #21), and Plaintiff's undated opposition (the "Opposition") (Dkt. #22) thereto filed as of November 7, 2014, and the Court's denial of said Motion as of November 18, 2014 (the "Denial") (Dkt. #25).

As evidenced herein, the Court and counsel for Plaintiff are conspiring to defraud Defendant of Defendant's property through a peculiar form of denial of due process of law and prosecuting the instant alleged civil lawsuit in the absence of evidence of jurisdiction under color of law, office, and authority. Said scheme is perpetuated by the Court and counsel for Plaintiff's refusal to acknowledge, recognize, apply, declare, or uphold material law essential and indispensable to lawful resolution of the allegations in the Complaint.

The record hereof evinces ignorance of law albeit selective / intentional on the part of the Court and counsel for Plaintiff re the controlling definition and meaning of the material Title 26 U.S.C. *Internal Revenue Code* terms "United States," "State," and "includes" and Title 28 U.S.C. Chapter 176 *Federal Debt Collection Procedure* terms "counsel for the United States," "court," "debt," "judgment," and "United States"; i.e.:

> United States Code
> . . . TITLE 26—INTERNAL REVENUE CODE
> . . . § 7701 - Definitions
> (a) When used in this title, where not otherwise distinctly expressed . . .
> . . . (9) United States

The term "United States" when used in a geographical sense includes only the States and the District of Columbia.

(10) State

The term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title.

(c) Includes and including

The terms "includes" and "including" when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined.

United States Code

. . . TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE

. . . CHAPTER 176—FEDERAL DEBT COLLECTION PROCEDURE

. . . § 3002. Definitions

As used in this chapter:

. . . (2) "Court" means any court created by the Congress of the United States . . .

(3) "Debt" means—

. . . (B) an amount that is owing to the United States on account of a[n] . . . assessment, penalty . . . interest, tax . . .

. . . (8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.

. . . (15) "United States" means—

(A) a Federal corporation;

(B) an agency, department, commission, board, or other entity of the United States; or

(C) an instrumentality of the United States.

The record hereof reflects that when the Court or counsel for Plaintiff is confronted with the above controlling essential law, which is fatal to the interests of their mutual principal and employer, the District of Columbia municipal corporation, a.k.a. United States (28 U.S.C. § 3002(15)), said officers go silent and appear to obey a policy of "Never respond, confirm, or deny," which silence operates, according to blackletter law, as fraud; to wit:

> Fraud in the common law sense of deceit is committed by deliberately misleading another by words, by acts, or, in some instances--notably where there is a fiduciary relationship, which creates a duty to disclose all material facts--by silence. *United States v. Dial and Salmon*, 757 F. 2d 163 (1985).

**CASE-DISPOSITIVE AVOIDANCE AND PRAYER OF JUDGMENT UNRESOLVED AFTER 96 DAYS**

Notwithstanding that the Amended Answer confesses to all the facts cited in the Complaint (the "Complaint") of the Plaintiff and presents no affirmative defenses, thereby eliminating the need for a trial, Plaintiff stands mute to the Amended Answer and the Court, despite proper challenge of jurisdiction by Defendant in the Amended Answer and no evidence of jurisdiction in the record hereof, commences prosecution of the instant cause and issues *sua sponte* the Court's September 17, 2014, Order Governing Proceedings (the "Order"). The prayer of judgment in the Amended Answer remains unresolved to this day, more than three months after filing.

The Court's refusal to recognize controlling material law and resolve the prayer of judgment in the Amended Answer, and prosecution of this cause *sua sponte* by way of entry of the Court's Order despite no evidence of jurisdiction, constitutes denial of due process of law as guaranteed by the Fifth Article of Amendment to that certain Constitution ordained, established, and implemented March 4, 1789, Independence Hall, Philadelphia, Pennsylvania (the "Constitution").

**THE COURT MASQUERADES AS A COURT OF LIMITED JURISDICTION**

The Court's Denial provides, in pertinent part of page 2 thereof:

> Federal district courts are required to enter scheduling orders in civil matters. Fed. R. Civ. P. 16(b)(1). In order to assist a court in entering a scheduling order, the court may compel the parties to appear for one or more pretrial conference. Fed. R. Civ. P. 16(a). Prior to this conference, counsel and unrepresented parties are required to meet and confer. Fed. R. Civ. P. 26(f).

The reason federal courts are required to enter scheduling orders in civil matters per FED. R. CIV. P. 16(b)(1) and may compel the parties to appear for a pretrial conference is because all 28 U.S.C. § 3002(2) courts, such as the Court, are created by the legislature of a Federal corporation and under the direct control of said legislature. (28 U.S.C. § 3002(2), (3), (8), and

(15)). The aforesaid corporate legislature goes by the name "Congress." *Id.* The aforesaid Federal corporation is known as the District of Columbia municipal corporation.[1]

**COURTS OF LIMITED JURISDICTION *VERSUS* TERRITORIAL COURTS**

> *Limited jurisdiction* (called, also, *special* and *inferior*) is that which extends only to certain specified causes. *Bouvier's Law Dictionary*, Third Revision (Being the Eighth Edition), by Francis Rawle, p. 1761.

In contradistinction to courts of limited jurisdiction, 28 U.S.C. § 3002(2) courts, such as the Court, are authorized to enter judgments in criminal proceedings, i.e., exercise in personam jurisdiction. *Id.* Such courts are created by virtue of the sovereign congressional faculty, granted under Article 4 § 3(2) of the Constitution, of making all needful rules and regulations respecting the territory belonging to the United States and enjoy plenary authority in territory described in Articles 1 § 8(17) and 4 § 3(2) of the Constitution.

Courts established under Article III of the Constitution are courts of limited jurisdiction (Constitution, Article 3 §§ 1–2), and exercise limited jurisdiction (jurisdiction of the subject matter only) in sections of territory occupied by the respective commonwealths united by and under authority of the Constitution and admitted into the Union, of which there are 50 at present, the last of which being Hawaii, August 21, 1959.

Whereas, there is no provision of Article III of the Constitution that authorizes any court of limited jurisdiction to exercise in personam jurisdiction or enter judgments in criminal proceedings: No 28 U.S.C. § 3002(2) court authorized to exercise in personam jurisdiction and enter judgments in criminal proceedings, such as the Court, is an Article III court.

---

[1] An Act to provide a Government for the District of Columbia, ch. 62, 16 Stat. 419, February 21, 1871; later legislated in "An Act Providing a Permanent Form of Government for the District of Columbia," ch. 180, sec. 1, 20 Stat. 102, June 11, 1878, to remain and continue as a municipal corporation (brought forward from the Act of 1871, as provided in the Act of March 2, 1877, amended and approved March 9, 1878, *Revised Statutes of the United States Relating to the District of Columbia . . . 1873–74* (in force as of December 1, 1873), sec. 2, p. 2); as amended by the Act of June 28, 1935, 49 Stat. 430, ch. 332, sec. 1 (Title 1, Section 102, District of Columbia Code (1940)).

The Court is authorized by statute to exercise in personam jurisdiction and enter judgments in criminal proceedings, but the constitutional authority therefor is not found in the provisions of Article III; i.e.:.

> It is clear that Congress, as a legislative body, exercise two species of legislative power: the one limited as to its objects, but extending all over the Union: the other, an absolute exclusive legislative power over the District of Columbia. . . . *Cohens v. Virginia*, 19 U.S. 264, 6 Wheat. 265, 5 L.Ed. 257 (1821).
>
> As we made clear in *Buckley* v. *Valeo,* 424 U. S. 1 (1976): "Congress [when acting in capacity of legislature of the District of Columbia municipal corporation] has plenary authority in all cases in which it has substantive legislative jurisdiction [i.e., in cases arising or persons residing in territory described in Article 1 § 8(17) or 4 § 3(2) of the Constitution], *McCulloch* v. *Maryland,* 4 Wheat. 316 (1819), so long as the exercise of that authority does not offend some other constitutional restriction." *Id.,* at 132. *INS v. Chadha*, 462 US 919, 941, Sup. Ct. (1983).

Courts with plenary authority to exercise in personam jurisdiction and enter judgments in criminal proceedings can be created only by the legislature of the District of Columbia municipal corporation (*supra*, n. 1) under authority of the territorial clause, Article 4 § 3(2), of the Constitution, which grants Congress, as the sovereign authority within the District of Columbia, power to make all needful rules and regulations respecting the territory and other property belonging to the United States.

The constitutional authority for 28 U.S.C. § 3002(2), (3), (8), and (15) is Article 4 § 3(2) and the Court is a territorial court, described by the Supreme Court as follows:

> The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The *resemblance* of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a court not subject to local influence, does not change its character as a mere territorial court. *Balzac v. People of Porto Rico*, 258 U.S. 298, 312 (1922).

The reason for the confusion as to whether a court is established under Article III of the Constitution or a mere territorial court created under Article 4 § 3(2) is that Congress as of June 25, 1948, give all such courts the same name, "United States District Court," via statute in Title 28 U.S.C.; to wit:

> § 132. Creation and composition of district courts
> (a) There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.
> . . . (June 25, 1948, ch. 646, 62 Stat. 895 . . .)

Today, the only way to distinguish between an Article III or Article IV court is to compare the powers of a particular court to the provisions of Articles 3 §§ 1–2 and 4 § 3(2) of the Constitution. For example, if the subject court is authorized to enter judgments in criminal proceedings, one immediately knows that the court is authorized to exercise in personam jurisdiction and therefore is not an Article III court of limited jurisdiction, which is restricted to jurisdiction of the subject matter only, but an Article IV territorial court created by virtue of the sovereign congressional faculty, granted under article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. *Balzac, supra*, p. 5.

**NO EVIDENCE THAT DEFENDANT RESIDES WITHIN THE JURISDICTION OF A TERRITORIAL COURT**

*Merriam-Webster's Dictionary of Law*, 1996 ed., in pertinent part of page 201, and *Black's Law Dictionary*, 2nd ed., in pertinent part of page 673, provide, respectively:

> *forum* . . . 2 a : a judicial body or assembly . . . b : the territorial jurisdiction of a court < ... contacts with forum before personal jurisdiction may be exercised — *National Law Journal*>
>
> —Territorial jurisdiction. Jurisdiction considered as limited to cases arising or persons residing within a defined territory, as a county, a judicial district, etc. The authority of any court is limited by the boundaries thus fixed. . . .

It is indisputable that Defendant resides in Tyler County, Texas.

It is likewise indisputable that federal courts authorized to exercise in personam jurisdiction and enter judgments in criminal proceedings have no jurisdiction anywhere in any section of territory occupied by any commonwealth united by and under authority of the Constitution and admitted into the Union, such as Texas.

There is no evidence of jurisdiction in the record of this cause, despite Plaintiff's duty to produce such upon proper challenge thereof by Defendant, and Defendant's proper challenge thereof in the Amended Answer and Motion; to wit:

> It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction. See 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522, at 62-65 (2d ed.1984); 15 J. Moore, Moore's Federal Practice § 102.14, at 102-24 (3d ed. 1998) ("The burden of proving all jurisdictional facts is on the party asserting jurisdiction."); see also Scelsa v. City University of New York, 76 F.3d 37, 40 (2d Cir.1996). That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with "competent proof" if a party opposing jurisdiction properly challenges those allegations, see, e.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), or if the court sua sponte raises the question, see, e.g., Fed.R.Civ.P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). *Linardos v. Fortuna*, 157 F.3d 945 (2d Cir. 1998).

Notwithstanding that there is no evidence of jurisdiction, the Court is presuming jurisdiction over Defendant and Defendant's property and prosecuting the instant alleged lawsuit and ordering Defendant to perform as directed—i.e., exercising in personam jurisdiction—as though Defendant resides in defined territory over which the Court has in personam jurisdiction, namely territory identified in Article 1 § 8(17) or 4 § 3(2) of the Constitution.

Competent evidence that Defendant resides *without* all territory identified in Article 1 § 8(17) or 4 § 3(2) of the Constitution is attached to the Amended Answer (Dkt. #10, pp. 37–40).

## MISREPRESENTATION AND DELIBERATE CONCEALMENT OF MATERIAL INFORMATION

> *United States v. Holzer,* 816 F.2d 304 (1987). Writing for the court, Judge Posner explained: "Fraud in its elementary common law sense of deceit -- and this is one of the meanings that fraud bears in the statute, *see United States v. Dial,* 757 F.2d

> 163, 168 (7th Cir.1985) -- includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him, and if he deliberately conceals material information from them, he is guilty of fraud. *McNally v. United States*, 483 U.S. 350, 371 (1987).
>
> The legal meaning of "fraud" is not limited to deceit or misrepresentation; it includes overreaching, undue influence, and other forms of misconduct. *United States v. Holzer*, 816 F. 2d 304 (1987).

Since no 28 U.S.C. § 3002(2) court has jurisdiction anywhere in any section of territory occupied by any commonwealth united by and under authority of the Constitution and admitted into the Union, such as Texas, where Defendant resides: Ron Clark is misrepresenting himself as the judge of an Article III court of limited jurisdiction; concealing controlling law fatal to the cause of his employer, the District of Columbia municipal corporation, a.k.a. United States (28 U.S.C. § 3002(2), (3), (8), and (15)), and attempting to defraud Defendant of Defendant's property in behalf of said employer in concert with national-legislative-branch co-workers John Malcolm Bales and Joshua David Smeltzer (*see* 28 U.S.C. § 3002(1), (15)) under color of law, office, and authority.

**NEVER RESPOND, CONFIRM, OR DENY.**

The instant alleged action is a Federal debt collection proceeding regarding the Internal Revenue Code. (Dkt. #1; 28 U.S.C. § 3002(3)).

Terms material and indispensable to lawful resolution of the allegations in the Complaint are the Title 26 U.S.C. *Internal Revenue Code* terms "United States," "State," and "includes" and Title 28 U.S.C. Chapter 176 *Federal Debt Collection Procedure* terms "counsel for the United States," "court," "debt," "judgment," and "United States"—and the Court has no discretion to disregard / ignore the controlling definition or meaning of any of said terms; e.g.:

> The words of a statute are to be taken in their ordinary and popular meaning, unless they are technical terms or words of art, in which case they are to be understood in their technical sense. . . . Henry Campbell Black, *Handbook on the*

> *Construction and Interpretation of the Laws* (West Publishing Co.: St. Paul, Minn., 1896), § 57, 128.
>
> Linguistic inference canons provide guidelines about what the legislature likely meant, given its choice of some words and not others. The linguistic inference canons include classic logical canons such as *expressio unius*, *noscitur a sociis*, and *ejusdem generis*. Other inferential rules encourage interpreters to follow the ordinary usage of text unless the legislature has itself defined the word or the phrase has acquired a technical meaning. Because dictionaries report common usage, the dictionary rule supports consulting widely used dictionary definitions of terms the legislature has not defined. [Footnotes omitted; U/L emphasis added.] Jacob Scott, "Codified Canons and the Common Law of Interpretation," The Georgetown Law Journal, Vol. 98, Issue 2, January 2010, 352–353.
>
> Table 1. Linguistic Inference Canons . . .
> . . . Ordinary usage: Follow ordinary usage of terms, unless the legislature gives them a specified or technical meaning. . . .
> Dictionary definition: Follow dictionary definitions of terms, unless the legislature has provided a specific definition. [Emphasis added.] *Id.* at 357.

Notwithstanding the foregoing basic rules, the Court refuses to recognize, follow, apply, declare, or uphold the law, as legislated by Congress in Title 26 U.S.C. *Internal Revenue Code* and Title 28 U.S.C. Chapter 176 *Federal Debt Collection Procedure* and cited by Defendant above and in Defendant's Amended Answer, Motion, and Reply (Dkt. #28) to Plaintiff's Opposition (Dkt. #22).

It is indisputable that Ron Clark is responsible for knowledge of the contents of the record of this cause, but there is no evidence that Ron Clark has knowledge of law as to the controlling definition and meaning of the aforesaid Title 26 U.S.C. and Title 28 U.S.C. Chapter 176 terms that are essential to the resolution of the allegations in the Complaint.

It is likewise indisputable that Ron Clark is feigning ignorance of law—and ignorance of law in any form is inexcusable and operates as fraud.

> *Non refert quid notum sit judici, si notum non sit in forma judici.* It matters not what is known to the judge, if it is not known to him judicially. *Bouvier's Law Dictionary*, 3rd rev., 8th ed., by John Rawle, p. 2150.

> Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government. *Duncan v. Missouri*, 152 U.S. 377, 382 (1894).

Ron Clark is using some other private, unknown, esoteric version of "law" than that cited *supra*, in a criminal attempt and criminal conspiracy with John Malcolm Bales and Joshua David Smeltzer re an undisclosed definition and meaning of the aforesaid material terms in order to defraud Defendant of Defendant's property—because the Complaint, Order, Opposition, and Denial are devoid of citation of or reliance on the aforesaid controlling law and Defendant is being held liable for the allegations in the Complaint by inference.

Conspirators in such a culture of silence rely on each other's fidelity to the fraud. The problem facing these conspirators is that silence offers no protection upon inspection of the record: the Complaint, Order, Opposition, and Denial all reflect ignorance of law and refusal to follow controlling law cited *supra* and there is no evidence to the contrary.

## CONSTITUTIONAL DOCTRINE OF SEPARATION OF POWERS

Title 28 U.S.C. Chapter 176 *Federal Debt Collection Procedure* § 3002 *Definitions* provides, in pertinent part:

> As used in this chapter:
> . . . (15) "United States" means—
> (A) a Federal corporation;
> (B) an agency, department, commission, board, or other entity of the United States; or
> (C) an instrumentality of the United States.

Whereas, parts (B) and (C) 28 U.S.C. § 3002(15) use "United States" as a principal part of their respective definition of "United States," making the meaning of said definitions unclear / uncertain / ambiguous and undeterminable unless the definition in part (A) is applied thereto: Part (A) of 28 U.S.C. § 3002(15) is the controlling definition of the three—and in all Title 28

U.S.C. Chapter 176 *Federal Debt Collection Procedure* matters, "United States" means one thing and one thing only: *a Federal corporation. See* BLACK and SCOTT, *supra*, pp. 10–11.

The ultimate parent Federal corporation—over all agencies, departments, commissions, boards, instrumentalities, and other entities of all other Federal corporations—is the District of Columbia municipal corporation (n. 1, *supra*).

In all Federal debt collection proceedings (1) the term of art "United States" means the District of Columbia municipal corporation, (2) "United States District Court" means District of Columbia municipal corporation District Court, and (3) "United States District Judge" means District of Columbia municipal corporation District Judge.

The District of Columbia municipal corporation (*supra*, n. 1) is part of the national-legislative-branch of government. Wherefore, the Court is an officer of the national-legislative-branch of government, not the national-*judicial*-branch of government, and Ron Clark is a national-legislative-branch officer of the District of Columbia municipal corporation posing as a national-judicial-branch judge under color of law, office, and authority, in violation of the constitutional doctrine of separation of powers:

> separation of powers. The division of governmental authority into three branches of government — legislative, executive, and judicial — each with specified duties on which neither of the other branches can encroach; the constitutional doctrine of checks and balances by which the people are protected against tyranny. *Black's Law Dictionary*, 7th ed., p. 1370.

**KANGAROO COURTS**

*Black's Law Dictionary*, 7th ed., provides, in pertinent part of page 259:

> *kangaroo court.* 1. A self-appointed tribunal or mock court in which the principles of law and justice are disregarded, perverted, or parodied. . . . 2. A court or tribunal characterized by unauthorized or irregular procedures, esp. so as to render a fair proceeding impossible. 3. A sham legal proceeding.

It is not possible for Defendant to receive fair treatment in the instant alleged lawsuit when the Court and counsel for Plaintiff:

- Disregard blackletter law (*see* Dkt. # 10, pp. 2, 4, 5, 8, 9, 10, 14, 15, 21, 22, 26, and 27 of 40), controlling law (*see* Dkt. #10, pp. 15, 17, 19, 20, 23, 24, 25 of 40), and essential principles of law (*see* Dkt. #10, pp. 5, 9, 10, and 11 of 40; Dkt. #28, pp. 4, 5, 6, 8, and 9 of 10); and
- Pretend to be national-judicial-branch and national-executive-branch officers, respectively, in violation of the constitutional doctrine of separation of powers, with inherent conflict of interest for the Court.

The Court and counsel for Plaintiff's collective silence as to the substance of Defendant's Amended Answer and Motion, and the Court's Order and Denial and counsel for Plaintiff's Opposition, in the face of controlling law re the definition and meaning of the aforesaid material Title 26 U.S.C. and Title 28 U.S.C. Chapter 176 terms constitutes, among other offenses, Obstruction of Proceedings Before Departments, Agencies, and Committees under 18 U.S.C. § 1505; and, in accordance with 18 U.S.C. § 13, Criminal Attempt, Criminal Conspiracy, Perjury, Aggravated Perjury, Abuse of Official Capacity, and Official Oppression, under, respectively, Texas Penal Code §§ 15.01, 15.02, 37.02, 37.03, 39.02, and 39.03, and as to these allegations Defendant is ready to verify.

## CONCLUSION

As demonstrated herein, the Court is (1) incompetent to hear or prosecute this alleged civil lawsuit by reason of ignorance of law material and essential to resolution of the allegations in the alleged complaint, which ignorance operates to deny Defendant due process of law through selective exclusion of controlling law fatal to the cause of the Court's employer, the

District of Columbia municipal corporation, a.k.a. the Title 28 U.S.C. Chapter 176 "United States," and (2) unfit to hear or prosecute this alleged civil lawsuit because Ron Clark is a national-legislative-branch officer posing as a national-judicial-branch officer in violation the constitutional doctrine of separation of powers and attempting to defraud Defendant of Defendant's property under color of law, office and authority and subject to criminal prosecution for the hereinabove cited offenses.

Wherefore, Defendant hereby respectfully moves the Court to recuse itself for the reasons stated hereinabove.

DATE: November 25, 2014

Respectfully submitted,

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2329

# CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on November 25, 2014, a true, correct, and complete paper copy of the foregoing DEFENDANT'S SECOND OBJECTION TO DENIAL OF DUE PROCESS OF LAW AND MOTION FOR THE COURT TO RECUSE ITSELF FOR (1) INCOMPETENCE BY REASON OF IGNORANCE OF LAW, (2) VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS, AND (3) FRAUD UNDER COLOR OF LAW, OFFICE, AND AUTHORITY; MEMORANDUM IN SUPPORT was served by overnight third-party commercial delivery service or overnight United States Postal Service delivery upon the counsel of record as indicated below. Further, two paper copies of the DEFENDANT'S SECOND OBJECTION TO DENIAL OF DUE PROCESS OF LAW AND MOTION FOR THE COURT TO RECUSE ITSELF FOR (1) INCOMPETENCE BY REASON OF IGNORANCE OF LAW, (2) VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS, AND (3) FRAUD UNDER COLOR OF LAW, OFFICE, AND AUTHORITY; MEMORANDUM IN SUPPORT were filed on November 25, 2014, by personal hand delivery to the office of the Clerk of the District Court as indicated below.

Date: November 25, 2014

John Parks Trowbridge, Jr.

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Clerk of the United States District Court
for the Eastern District of Texas
104 North Third Street
Lufkin, Texas 75901