

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CIVIL ACTION NO: 9:14-CV-138** |
| § | |
| **JOHN PARKS TROWBRIDGE, JR.,** *et al.*, § | |
| *Defendants.* § | |

## ORDER DENYING MOTION FOR RECUSAL

The District Court referred this civil action to the undersigned United States Magistrate Judge, at Beaumont, Texas, for determination of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas. Pending before the Court is the defendant's *Motion for the Court to Recuse Itself for (1) Incompetence by Reason of Ignorance of Law, (2) Violation of the Doctrine of Separation of Powers, and (3) Fraud Under Color of Law, Office and Authority and Memorandum in Support* (doc. #31).

**I.    Background**

On July 7, 2014, the United States filed this proceeding against defendants John Parks Trowbridge, Jr.; Bright Future Investments, Inc.; Ideal Abilities; and the Tyler County Tax Office.[1] The United States filed its complaint alleging that defendant John Parks Trowbridge, Jr.,

---

[1] The Tyler County Tax Office has since been terminated as a party defendant. *See Order* (doc. #17). There is also a pending motion for default judgment regarding defendants Bright Future Investments, Inc. and Ideal Abilities, which the Court will address by separate order. *See Motion* (doc. #38).

("Trowbridge") owes the United States $3,326,015.01 plus statutory additions accruing after April 7, 2014, in unpaid federal income taxes, penalties, and interest for the 1993 through 1997 tax years. *See Complaint* (doc. #1), at p. 2. The Complaint states that these tax amounts were reduced to judgment in *United States v. Trowbridge, et al.*, case number H-14-27 in the United States District Court for the Southern District of Texas. *See Exhibit A to Complaint*. United States District Judge Lynn N. Hughes signed that judgment on May 23, 2014. *Id.*

The Complaint further states that on July 10, 2000, Evelyn Anne Walker conveyed two tracts of contiguous real property and a private road easement in Tyler County, Texas, ("the Tyler County property") to defendant Ideal Abilities. *See Complaint*, at p. 2, and *Exhibits B-1 through B-3 to Complaint*. On or about July 26, 2000, the deeds and contracts were recorded with the Tyler County Clerk's Office. *Id.* The Complaint avers that the contracts for the deeds and conveyances were signed by Trowbridge as Executive Trustee of Ideal Abilities. *Id.* at p. 3. The Complaint goes on to describe the factual background regarding Trowbridge's requested appraisal of the Tyler County properties and Ideal Abilities' holding of the title to the Tyler County Property with Trowbridge as a nominee. *Id.*

The Complaint further states that on June 4, 2013, a Notice of Federal Tax Lien against Ideal Abilities, as a nominee of John Parks Trowbridge, was filed in Tyler County. *See id.; see also Exhibit C to Complaint*. The United States therefore contends that it has valid and subsisting federal tax liens against Ideal Abilities, as nominee of Trowbridge, and against Trowbridge for all property and rights to property in which they have interest, including any interest in the Tyler County property. *See Complaint*, at pp. 3-4. The United States further argues that the federal tax liens should be foreclosed upon the Tyler County property; the Tyler County property should be sold free and clear of all rights, titles, claims and interests of the parties. *Id.* at p. 4. Finally, the United States seeks relief through a finding that it has a perfected tax lien in all property and rights to property

belonging to Trowbridge and his nominee, Ideal Abilities. *Id.* It also seeks foreclosure against the Tyler County property and a sale of the Tyler County property free and clear of all rights, titles, claims, and interests of the parties, with the proceeds of the sale to be distributed according to law. *Id.*

The docket shows that the case was originally filed in the Tyler Division of the Eastern District under case number 6:14-CV-595 and assigned to United States District Judge Michael H. Schneider. On September 11, 2014, Judge Schneider referred the case to United States Magistrate Judge K. Nicole Mitchell for pretrial proceedings. *See Order* (doc. #11). On September 15, 2014, Judge Mitchell ordered that the case be transferred to the Lufkin Division for the Eastern District of Texas. *See Order* (doc. #12). In support, she noted that the Tyler County property at issue lies within the Lufkin Division, citing 28 U.S.C. § 124(c)(6). *Id.* Upon transfer, on September 16, 2014, the case was reassigned to United States District Judge Ron Clark (now Chief Judge).

On January 13, 2015, the case was again reassigned back to the docket of the Honorable Michael H. Schneider, who in turn referred the matter to the undersigned for pretrial management on January 27, 2015. *See Referral Order* (doc. #40). In the interim, while the case was still before Judge Clark, defendant Trowbridge filed the instant recusal motion on November 25, 2014.

In the motion and accompanying memorandum, Trowbridge generally argues that he has been denied due process and that the Court and counsel for the plaintiff are conspiring to defraud him of his property. *See Memorandum* (doc. #31), at p. 3. He further contends that the record shows an ignorance of the law on the part of the Court. *Id.* at pp. 4-5. Trowbridge also repeatedly argues that the Court lacks jurisdiction, arguing that an Article III District Court's limited jurisdiction does not extend to exercising in personam jurisdiction and the entry of judgments. *Id.* at pp. 6-8. He relatedly argues that there is "no evidence that [he] resides within the jurisdiction of a territorial court", despite the fact that the "it is indisputable" that he resides in Tyler County, Texas, and the property

3

at issue is in Tyler County. *Id.* at p. 8. Therefore, Trowbridge's argues for recusal because the presiding District Court is merely a territorial court and therefore lacks jurisdiction over Texas, where Trowbridge resides. He further states that "[Judge] Ron Clark is misrepresenting himself as the judge of an Article III court of limited jurisdiction; concealing controlling law fatal to the cause of his employer, the District of Columbia municipal corporation, a.k.a. United States (28 U.S.C. § 3002(2),(3), (8) and (15))". *Id.* at p. 10. He argues that the Court is conspiring with the United States Attorney's Office to defraud him and that Judge Clark is "feigning ignorance" and that is not possible for defendant to receive fair treatment in the instant lawsuit. *Id.* at pp. 11-14.

**Discussion**

Without even addressing the wholly frivolous nature of Trowbridge's arguments regarding the Court and jurisdiction, his motion for recusal fails on its face for several reasons. 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned." (Emphasis added). Section 455(b) goes on to provide that a judge must also disqualify himself in certain circumstances enumerated in that provision, including

> "(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C. § 455(b). Trowbridge makes no valid argument in his motion that any of these provisions apply in this case. There is no specific allegation of personal bias or impartiality on the

part of the Court against Trowbridge. Rather, Trowbridge appears to argue that the Court lacks the authority to adjudicate this case on the merits and that the United States is conspiring against him as a whole, including the Court. None of these allegations fit within the instances specifically outlined in Section 455 which would support recusal.

Furthermore, Trowbridge has not presented any credible evidence or affidavit establishing that the Court before whom his matter is pending has a personal bias or prejudice against him or in favor of the United States. *See* 28 U.S.C. § 144; *Stringer v. Funchess*, 291 F. App'x 617, 619 (5th Cir. 2008). The unsupported allegations presented by Trowbridge's motion are legally insufficient to support recusal under either statute. *See Stringer*, at 619.

Additionally, to the extent that Trowbridge's motion names Chief United States District Judge Ron Clark personally in seeking recusal, the undersigned notes that the case has since been reassigned to the docket of Judge Schneider and referred to the undersigned for pretrial management. The recusal motion, filed before the case was transferred, is accordingly moot in that respect.

The Court declines to afford much emphasis to the meritless and misplaced substantive arguments made by Trowbridge in the recusal motion at this point in the case. This is because many of the same arguments regarding jurisdiction and court authority have been made throughout the filings in the case and in Trowbridge's response to the United States' dispositive motions, which will be considered separately. The undersigned would like to emphasize that while the very purpose of 28 U.S.C. § 455 is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible[2], there is always the concern that certain parties may abuse Section 455 for a dilatory and litigious purpose based on little or no substantiated basis. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1401 n.8 (5th Cir. 1994). In this vein, the Court finds Trowbridge's motion for recusal and accompanying memorandum to be wholly unsubstantiated and

---

[2]*See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

without merit.  The undersigned therefore **ORDERS** that the motion for recusal (doc. #31) is **DENIED**.

        **SIGNED this the 7th day of August, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE