

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 9:14-CV-138 |
| **JOHN PARKS TROWBRIDGE, JR.,** *et al.*, | § § § § | |
| *Defendants.* | § § § | |

### REPORT AND RECOMMENDATION ON
### MOTION FOR DEFAULT JUDGMENT

In accordance with 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred the above-captioned civil action to the undersigned United States Magistrate Judge for consideration of pretrial motions and proceedings and entry of findings of fact and recommended disposition on case-dispositive motions. *See Order* (doc. #40). Pending before the Court for purposes of this report is the plaintiff United States' *Request for Entry of Default Judgment* (doc. #38).

### I. Background

On July 7, 2014, the United States filed this proceeding against defendants John Parks Trowbridge, Jr.; Bright Future Investments, Inc.; Ideal Abilities; and the Tyler County Tax

Office.[1] The United States filed its complaint alleging that defendant John Parks Trowbridge, Jr.,("Trowbridge") owes the United States $3,326,015.01 plus statutory additions accruing after April 7, 2014, in unpaid federal income taxes, penalties, and interest for the 1993 through 1997 tax years. *See Complaint* (doc. #1), at p. 2. The Complaint states that these tax amounts were reduced to judgment in *United States v. Trowbridge, et al.*, case number H-14-27 in the United States District Court for the Southern District of Texas. *See Exhibit A to Complaint*. United States District Judge Lynn N. Hughes signed that judgment on May 23, 2014. *Id.*

The Complaint further states that on July 10, 2000, Evelyn Anne Walker conveyed two tracts of contiguous real property and a private road easement in Tyler County, Texas, ("the Tyler County property") to defendant Ideal Abilities. *See Complaint*, at p. 2, and *Exhibits B-1 through B-3 to Complaint*. On or about July 26, 2000, the deeds and contracts were recorded with the Tyler County Clerk's Office. *Id.* The Complaint avers that the contracts for the deeds and conveyances were signed by Trowbridge as Executive Trustee of Ideal Abilities. *Id.* at p. 3. The Complaint goes on to describe the factual background regarding Trowbridge's requested appraisal of the Tyler County properties and Ideal Abilities' holding of the title to the Tyler County Property with Trowbridge as a nominee. *Id.*

The Complaint further states that on June 4, 2013, a Notice of Federal Tax Lien against Ideal Abilities, as a nominee of John Parks Trowbridge, was filed in Tyler County. *See id.; see also Exhibit C to Complaint*. The United States therefore contends that it has valid and subsisting federal tax liens against Ideal Abilities, as nominee of Trowbridge, and against Trowbridge for all property and rights to property in which they have interest, including any interest in the Tyler County property. *See Complaint*, at pp. 3-4. The United States further argues that the federal tax liens should be foreclosed upon the Tyler County property and the

---

[1] The Tyler County Tax Office has since been terminated as a party defendant. *See Order* (doc. #17).

Tyler County property should be sold free and clear of all rights, titles, claims and interests of the parties. *Id.* at p. 4. Finally, the United States seeks relief through a finding that it has a perfected tax lien in all property and rights to property belonging to Trowbridge and his nominee, Ideal Abilities. *Id.*

The docket shows that the case was originally filed in the Tyler Division of the Eastern District under case number 6:14-CV-595 and assigned to United States District Judge Michael H. Schneider. On September 11, 2014, Judge Schneider referred the case to United States Magistrate Judge K. Nicole Mitchell for pretrial proceedings. *See Order* (doc. #11). On September 15, 2014, Judge Mitchell ordered that the case be transferred to the Lufkin Division for the Eastern District of Texas. *See Order* (doc. #12). In support, she noted that the Tyler County property at issue lies within the Lufkin Division, citing 28 U.S.C. § 124(c)(6). *Id.* Upon transfer, on September 16, 2014, the case was reassigned to United States District Judge Ron Clark (now Chief Judge). On January 13, 2015, the case was again reassigned back to the docket of the Honorable Michael H. Schneider, who in turn referred the matter to the undersigned for pretrial management on January 27, 2015. *See Referral Order* (doc. #40).

In the interim, the United States properly issued summons and had process served on defendants Bright Future Investments, Inc., and Ideal Abilities. *See Summons* (doc. #4 and doc. #5). The returned and executed summons show that both of these defendants were served on July 16, 2014, by executing service on defendant Trowbridge as President of Bright Future Investments, Inc., and Trustee of Ideal Abilities. *See id.* To date, neither Bright Future Investments, Inc., nor Ideal Abilities has appeared in the case by filing an answer or any other pleading. Accordingly, on November 26, 2014, the United States requested entry of default by the Clerk of Court. *See Request and Accompanying Affidavit* (doc. #30). The Clerk entered

default against defendants Bright Future Investments, Inc., and Ideal Abilities on December 5, 2014 (doc. #34). On December 29, 2014, the United States requested that the Court enter default judgment in its favor against Bright Future Investments, Inc., and Ideal Abilities. *See Motion* (doc. #38). It also requests that as part of that default judgment, the Court adjudge that those defendants have no interest in the Tyler County property at issue. *See id.; see also proposed Default Judgment*. The two defendants at issue in the motion have neither responded to the motion for default judgment nor appeared in any other manner.[2]

## II. Discussion

### A. Relevant Legal Standards

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Default under Rule 55 consists of two procedural steps; one for the Clerk and one for the Court. The first step is the entry of default, followed by the entry of default judgment. *See, e.g., New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corrs.*, No. 10-30618, 401 Fed. App'x 927, 929 (5th Cir. 2010). Federal Rule of Civil Procedure 55(a) directs the first step requiring the Clerk of court to enter default:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

However, an entry of default against the defendant does not automatically entitle the plaintiff to a default judgment. *See, e.g., Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *Waltner v. Aurora Loan Servs.*, *L.L.C.*, No. 12-50929, 51 F. App'x 741, 749 (5th Cir. 2013). After the clerk enters default, the clerk may enter a default

---

[2] As the United States correctly points out in its motion, the *pro se* defendant Trowbridge is legally precluded from representing the entity defendants Bright Future Investments, Inc., and Ideal Abilities as he is not an attorney. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).

judgment only if the claim is "for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). When the amount of the claim is not certain and cannot be made certain,

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

FED. R. CIV. P. 55(b)(2).

The court may conduct a hearing if necessary to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). Entry of default judgment is within the Court's discretion. *See* FED. R. CIV. P. 60(b); *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998); *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977). Entry of default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied* 414 U.S. 1073 (1973). Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. However, all the above-cited factors need not be addressed.

The Fifth Circuit generally disfavors default judgments. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("...any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."). However, "considerations of social goals, justice, and expediency" offset such disfavor in evaluating motions for default judgment, with that evaluation lying "largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

B. Application

i. *Are Issues of Material Fact Present?*

Because the defendants have failed to answer the complaint, they admit the plaintiff's well-pleaded allegations of fact – apart from any relating to the amount of damages – and "[are] barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Frame v. S-H, Inc.,* 967 F.2d 194, 205 (5th Cir. 1992). In the present case, the facts asserted in the complaint are well-pleaded, as the United States' factual allegations show a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007); *United States v. Giles,* 538 F.Supp.2d 990, 993 (W.D. Tex 2008). Likewise, due to the defendants' failure to answer, the entry of default by the Clerk was appropriate. *See id*. For these reasons, default judgment may be lawfully entered. *See Thomas v. Wooster,* 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

      *ii.*      *Is There Substantial Prejudice or Harshness in Default Judgment?*

The defendants have not answered the complaint or otherwise defended the matter, nor is there any indication that they intend to appear or otherwise respond. The default judgment motion has been on file for over eight months with no response. Bright Future Investments, Inc. and Ideal Abilities have received ample notice of the suit and that there is a pending default. Defendant Trowbridge was served as the President of Bright Futures and the Trustee of Ideal Abilities. *See Summons*. Neither of those parties has properly answered or appeared. Taking the well-pleaded facts of the original complaint as true, the United States has asserted a valid cause of action to foreclose on the Tyler County property based on the valid federal tax lien against Trowbridge. The United States has properly requested entry of judgment in its favor barring any interest in that property asserted by either Bright Futures Investments, Inc., or Ideal Abilities. Based on this procedural history and the efforts expended to date by the United States in acting upon its tax lien, it will be substantially prejudiced if default judgment is denied.

Furthermore, the entity defendants Bright Futures Investments, Inc., and Ideal Abilities have wholly failed to respond to the claims asserted in this manner. They have not filed an answer asserting any interest in the property or disputing the United States' claims. This silence and noncompliance establishes that any prejudice to the defendants or harshness through entry of default is outweighed by the prejudice to the plaintiff if the Court fails to enter judgment in the plaintiff's favor.

> iii.   *Are the Grounds for Default Clearly Established?*

As stated above, the record indicates that the United States successfully perfected service of process on the entity defendants. Bright Future Investments, Inc., and Ideal Abilities wholly failed to answer or otherwise respond to the complaint. The Clerk entered default, and the United States subsequently filed the motion for default judgment. The procedural requirements of Rule 55 are satisfied and the court may consider default judgment.

> iv.   *Is Default Due to Excusable Neglect or Good Faith Mistake?*

Again, the defendants were properly served notice of the original complaint and they have entirely failed to respond. There is no dispute that they also received notice of the motion for default judgment and have not answered the entry of default. Trowbridge, as President of Bright Futures Investments, Inc. and Trustee of Ideal Abilities is an active party in the case and thus receives notices of such filings. Those defendants have failed to properly respond to the motion in any manner. Under these circumstances, there is no evidence of good faith mistake or excusable neglect on the defendants' part. Moreover, a finding of willful failure to answer a complaint is sufficient reason for granting a motion of default judgment. *See CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992), *rev'd on other grounds*, 989 F.2d 791 (5th Cir. 1993); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, 2013 U.S. Dist. LEXIS 168905, at *9 (E.D. Tex. Nov. 26, 2013) (Clark, J.) (adopting recommendation of Hawthorn, J.).

In the motion, the United States requests entry of judgment in its favor and a finding that the defendants Bright Future Investments, Inc. and Ideal Abilities, Inc., are foreclosed from asserting any interest in the Tyler County property at issue. The plaintiff does not request monetary damages in its motion; it only seeks the judgment in its favor. *See Motion and*

*Proposed Default Judgment*. Therefore, the Court need not conduct a hearing to enter default judgment and determine the amount of damages. *See* FED. R. CIV. P. 55(b)(2).

### III. Conclusion and Recommendation

For the reasons stated herein, the undersigned United States Magistrate Judge recommends that the District Court **grant** the United States' request for entry of default judgment (doc. #38). The undersigned further recommends that the Court enter judgment in favor of the plaintiff United States and assess judgment against the defendants Bright Future Investments, Inc., and Ideal Abilities. The judgment should find that those defendants, having failed to assert any interest in the Tyler County property at issue, are adjudged to have no interest in that property.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law, and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions, and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.

**SIGNED this the 18th day of August, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE