

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 9:14-cv-00138 |
| | § | |
| JOHN PARKS TROWBRIDGE, JR., et al, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S OBJECTION TO PROCEEDINGS
UNTIL THE COURT REQUIRES THAT PLAINTIFF UNITED STATES ENTER IN
EVIDENCE COMPETENT PROOF THAT (1) THE CONSTITUTION AUTHORIZES
THIS COURT TO EXERCISE GENERAL JURISDICTION IN THE GEOGRAPHIC
AREA IN WHICH DEFENDANT RESIDES, OR (2) DEFENDANT HAS THE RIGHT TO
BE TREATED AS A RESIDENT OF A GEOGRAPHIC AREA IN WHICH DEFENDANT
HAS NO RESIDENCE, FOR THE PURPOSE OF TAXATION**

United States district courts, such as this Court, are courts of general jurisdiction with

authority to hear both civil and criminal matters; to wit:

> The United States district courts are the trial courts of the federal court system.
> Within limits set by Congress and the Constitution, the district courts have
> jurisdiction to hear nearly all categories of federal cases, including both civil and
> criminal matters.  USCourts.gov, "District Courts," http://www.uscourts.gov/
> FederalCourts/UnderstandingtheFederalCourts/DistrictCourts.aspx (accessed
> March 18, 2015).

> The best-known courts are courts of GENERAL JURISDICTION, which have
> unlimited trial jurisdiction, both civil and criminal, within their jurisdictional area.
> At the federal level, these are called DISTRICT COURTS. . . . *West's Encyclopedia
> of American Law*, Volume 9 (West Group: St. Paul, Minn., 1998), p. 316.

"On the federal level, the district courts are courts of general jurisdiction. . . ." *Id.* at

Volume 6, p. 293.

The geographic area over which a particular court has authority is a defined territory with

fixed boundaries; to wit:

> —Territorial jurisdiction.  Jurisdiction considered as limited to cases arising or
> persons residing within a defined territory, as a county, a judicial district, etc.  The

authority of any court is limited by the boundaries thus fixed. . . .  Henry Campbell Black, *A Law Dictionary*, Second Edition (West Publishing Co.: St. Paul, Minn., 1910), p. 673.

The Constitution provides impliedly for courts of general jurisdiction, and fixes the geographic boundaries within which such courts have authority, at Article 4 § 3(2); to wit:

> The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; . . .

The Constitution fixes jurisdictional geographic boundaries for all courts; to wit:

> Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. Turner v. Bank of North America, 4 Dall. 8, 10; United States v. Hudson & Goodwin, 7 Cranch, 32; Sheldon v. Sill, 8 How. 441, 448; Stevenson v. Fain, 195 U.S. 165. . . . *Kline v. Burke Constr. Co.*, 260 U. S. 226, 234 (1922).

Jurisdiction can neither be waived nor conferred upon a federal court by consent, inaction, or stipulation; to wit:

> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter suasponte. Atlas Life Insurance Co. v. W. I. Southern Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987 (1939); Continental Mining and Milling Co. v. Migliaccio, 16 F.R.D. 217 (D.C. Utah 1954). Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968); Reconstruction Finance Corp. v. Riverview State Bank, 217 F.2d 455 (10th Cir. 1955). *Basso v. Utah Power & Light Co.*, 495 F.2d 906, C.A. Utah 1974, United States Court of Appeals, Tenth Circuit.

No one has the right to be treated as a resident of a particular place for the purpose of taxation unless he also makes his home or realizes income in the same place; to wit:

> When one intends the facts to which the law attaches consequences, he must abide the consequences whether intended or not. 13. One can not elect to make his home in one place in point of interest and attachment and for the general purposes of life, and in another, where he in fact has no residence, for the purpose of taxation. . . . *Texas v. Florida*, 306 U.S. 398 (1939).

Upon proper challenge, a plaintiff asserting a court's jurisdiction over a defendant must produce competent proof of all jurisdictional facts; not the least of which is said court's authority to exercise jurisdiction in the geographic area in which the defendant resides; to wit:

> It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction. See 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522, at 62-65 (2d ed.1984); 15 J. Moore, Moore's Federal Practice § 102.14, at 102-24 (3d ed. 1998) ("The burden of proving all jurisdictional facts is on the party asserting jurisdiction."); see also Scelsa v. City University of New York, 76 F.3d 37, 40 (2d Cir.1996). That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with "competent proof" if a party opposing jurisdiction properly challenges those allegations, see, e.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), or if the court sua sponte raises the question, see, e.g., Fed.R.Civ.P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). *Linardos v. Fortuna*, 157 F.3d 945 (2d Cir. 1998).

A court that usurps exercise of jurisdiction without the geographic boundaries fixed by the Constitution for said court is culpable for treason to the Constitution; to wit:

> We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. . . . *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 6 Wheat. 264 (1821).

Defendant, JOHN PARKS TROWBRIDGE, JR. (the "Defendant"), resides, and Defendant's real property is located, in Tyler County, Texas.  Dkt. #50, pp. 3-4 of 6.

Notwithstanding the indisputability of all foregoing facts and law, every bench officer involved in the instant case is:

1. pretending that this Court is not a Federal trial court of general jurisdiction;

2. usurping exercise of jurisdiction in geographic area fixed by the Constitution at Article 3 §§ 1 and 2 exclusively for Federal trial courts of special jurisdiction;

3. ignoring multiple proper challenges of jurisdiction by Defendant (Dkt. # 7, pp. 34-35 and 37 of 44; Dkt. # 10, pp. 33-34 and 36 of 44; Dkt. #21, pp. 1-8 of 14; Dkt. #43, pp.

1-12 of 12; Dkt. #43-1, pp. 1-3 of 9; Dkt. #46, pp. 1-18 of 20) and allowing plaintiff United States to proceed against Defendant despite plaintiff's failure to enter in evidence competent proof of constitutional authority for this Court to exercise general jurisdiction in the geographic area in which Defendant resides, i.e., Texas;

4. pretending that (a) Defendant either waived jurisdiction or conferred jurisdiction upon this Court, or (b) Defendant has the right to be treated as a resident of a geographic area in which Defendant has no residence, i.e., territory or other property belonging to the United States, for the purpose of taxation; and

5. culpable for dereliction and willful breach of the jurisdictional geographic boundaries fixed by the Constitution at Article 4 § 3(2) for Federal trial courts of general jurisdiction.

Unless this Court observes, upholds, and applies the provisions of the Constitution relating to the two mutually exclusive geographic areas in which Federal trial courts of general jurisdiction have authority and Federal trial courts of special jurisdiction have authority, and holds plaintiff United States to blackletter law following proper challenge of jurisdiction by Defendant, such uniform dereliction of the jurisdictional provisions of the Constitution on the part of the government officers involved in this case will render it impossible for Defendant to have a fair proceeding.

DATE:        August 31, 2015            Respectfully submitted,

                                        John Parks Trowbridge, Jr.
                                        9816 Memorial Boulevard #205
                                        Humble, Texas
                                        (281) 540-2329

## CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on August 31, 2015, a true, correct, and complete paper copy of the foregoing DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S OBJECTION TO PROCEEDINGS UNTIL THE COURT REQUIRES THAT PLAINTIFF UNITED STATES ENTER IN EVIDENCE COMPETENT PROOF THAT (1) THE CONSTITUTION AUTHORIZES THIS COURT TO EXERCISE GENERAL JURISDICTION IN THE GEOGRAPHIC AREA IN WHICH DEFENDANT RESIDES, OR (2) DEFENDANT HAS THE RIGHT TO BE TREATED AS A RESIDENT OF A GEOGRAPHIC AREA IN WHICH DEFENDANT HAS NO RESIDENCE, FOR THE PURPOSE OF TAXATION was served by first class United States Postal Service delivery upon the counsel of record as indicated below.  Further, two paper copies of DEFENDANT JOHN PARKS TROWBRIDGE, JR.'S OBJECTION TO PROCEEDINGS UNTIL THE COURT REQUIRES THAT PLAINTIFF UNITED STATES ENTER IN EVIDENCE COMPETENT PROOF THAT (1) THE CONSTITUTION AUTHORIZES THIS COURT TO EXERCISE GENERAL JURISDICTION IN THE GEOGRAPHIC AREA IN WHICH DEFENDANT RESIDES, OR (2) DEFENDANT HAS THE RIGHT TO BE TREATED AS A RESIDENT OF A GEOGRAPHIC AREA IN WHICH DEFENDANT HAS NO RESIDENCE, FOR THE PURPOSE OF TAXATION were filed on August 31, 2015, by personal hand delivery to the Clerk of the District Court as indicated below.

Date:  August 31, 2015

_____
John Parks Trowbridge, Jr.

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Clerk of the United States District Court
    for the Eastern District of Texas
104 North Third Street
Lufkin, Texas 75901