IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 9:14-CV-138-MHS-KFG |
| | § | |
| JOHN PARKS TROWBRIDGE, JR., | § | |
| BRIGHT FUTURE INVESTMENTS, INC., | § | |
| and IDEAL ABILITIES, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER ADOPTING
REPORT AND RECOMMENDATION ON DEFAULT JUDGMENT
AND ENTRY OF PARTIAL JUDGMENT**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the Court referred this proceeding to United States Magistrate Judge Keith F. Giblin for pretrial management.  On August 18, 2015, Judge Giblin issued his Report and Recommendation on the United States' pending motion for default judgment filed against defendants Bright Future Investments, Inc. and Ideal Abilities.  Judge Giblin recommended that this District Court grant the plaintiff's request and enter judgment against those defendants declaring that they have no interest in the Tyler County property made the basis of the federal tax foreclosure proceeding.  *See* Report and Recommendation 9, (Doc. No. 52).

On September 1, 2015, defendant John Parks Trowbridge, Jr., proceeding *pro se*, filed objections (Doc. No. 53).  The Court accordingly conducted a *de novo* review of the objections, the pleadings, the record, and the applicable law.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)

(2012).  After careful consideration, the Court concludes that the objections are without merit.

First, Trowbridge's objections are based on the frivolous arguments he has made throughout this proceeding that the Court lacks jurisdiction to consider the United States' claims seeking perfection of its federal tax liens and foreclosure.  His objections do not specifically address Judge Giblin's finding or conclusions related to the motion for default judgment.  In fact, he fails to address the report and recommendation at all.  Rather, he appears to argue that somehow the Court does not have jurisdiction over him because he is a resident of Texas and is geographically excepted from this Court's jurisdiction, despite the fact that the United States' claims are clearly based on federal law.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  His objections therefore fail to point out any error in the magistrate judge's report with the specificity required by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); Fed. R. Civ. P. 72(b) (requiring specific objections).

Secondly, because he is proceeding *pro se* and is not an attorney, Trowbridge does not have the standing to lodge objections on behalf of his co-defendants, against which the default judgment is sought.  *See* 28 U.S.C. § 1654; *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").  Bright Future Investments, Inc., and Ideal Abilities are unrepresented entity defendants who have failed to appear through counsel.  Therefore, to the extent that Trowbridge

seeks to file objections on their behalf, his objections are precluded.

The Court accordingly **OVERRULES** defendant Trowbridge's objections (Doc. No. 53) in their entirety.  Having considered the United States' request for default judgment and Judge Giblin's findings and recommendation, the Court **ORDERS** that the Report and Recommendation on Motion for Default Judgment (Doc. No. 52) is **ADOPTED.**  Pursuant to the magistrate judge's recommendation, the Court further **ORDERS** that the motion for default judgment (Doc. No. 38) is **GRANTED**.

Accordingly, the Court further **ORDERS** that judgment is entered in favor of the plaintiff United States and against defendants Bright Future Investments, Inc., and Ideal Abilities.  Having fully considered the United States' claims against them, those parties are **TERMINATED** as active defendants.  Finally, the Court **FINDS**, **ORDERS**, and **ADJUDGES** that Bright Future Investments, Inc., and Ideal Abilities, having failed to appear and assert any interest in the Tyler County property at issue in this case, are adjudged to have no interest in that property.  The claims asserted by the United States against defendant Trowbridge remain pending.

   **It is SO ORDERED.**

   **SIGNED this 10th day of September, 2015.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE