

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO.: 9:14-CV-138 |
| JOHN PARKS TROWBRIDGE, JR., et al, | § § | |
| *Defendants.* | § § | |

**DEFENDANT'S OBJECTION TO DENIAL OF DUE PROCESS OF LAW AND DEMAND FOR DISCLOSURE OF THE CONSTITUTIONAL AUTHORITY THAT GIVES THE COURT THE CAPACITY TO TAKE JURISDICTION AND ENTER JUDGMENTS, ORDERS, AND DECREES IN FAVOR OF THE UNITED STATES ARISING FROM A CIVIL OR CRIMINAL PROCEEDING REGARDING A DEBT, IN TYLER COUNTY, TEXAS**

NOW COMES defendant JOHN PARKS TROWBRIDGE, JR. (the "Defendant") in the above-captioned matter, specially and not generally, to Object to denial of due process of law and Demand disclosure of the constitutional authority that gives the Court the capacity to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Tyler County, Texas.

This Court is a district court of the United States and federal trial court authorized by statute to enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt; to wit:

> The United States District Courts are trial courts. Trial courts, as opposed to appellate courts, are courts that hear both civil and criminal cases through examination and cross-examination by attorneys. . . . *The Oxford Companion to American Law*, Kermit L. Hall, editor in chief (Oxford University Press: Oxford, 2002), p. 175 (s.v. "Courts, United States").

> The United States district courts are the trial courts of the federal court system. Within limits set by Congress and the Constitution, the district courts have jurisdiction to hear nearly all categories of federal cases, including both civil and criminal matters. USCourts.gov, "District Courts," http://www.uscourts.gov/

FederalCourts/UnderstandingtheFederalCourts/DistrictCourts.aspx (accessed March 18, 2015).

> § 3002. Definitions
>     As used in this chapter:
>         ... (2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.
>         (3) "Debt" means—
>             ... (B) an amount that is owing to the United States on account of a[n] assessment, penalty ... interest, tax ... recovery of a cost incurred by the United States, or other source of indebtedness to the United States ...
>             ... (8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt. Title 26 U.S.C. Chapter 176 *Federal Debt Collection Procedure.*

> The best-known courts are courts of ... unlimited trial jurisdiction, both civil and criminal, within their jurisdictional area. At the federal level, these are called DISTRICT COURTS. ... *West's Encyclopedia of American Law*, Volume 9 (West Group: St. Paul, Minn., 1998), p. 316.

The statutory authority for the Court to enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, is clear; e.g.:

> As stated in the United States' Complaint (Dkt. #1), this Court has jurisdiction pursuant to 28 U.S.C. § 1340, which gives district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue..." Further, this Court has jurisdiction under 28 U.S.C. § 1345, which gives district courts "original jurisdiction of all civil actions, suits or proceedings commenced by the United States... [Footnotes omitted.] Dkt. #48, p. 2 of 3.

What is not clear, however, is the constitutional authority that gives the Court the capacity to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, *in Tyler County, Texas*—because a lawsuit authorized by the statutes of Congress is not, in and of itself, sufficient to vest jurisdiction in this Court; to wit:

> So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself

sufficient to vest jurisdiction in the Federal courts. *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 513 (1900).

Statutory authority for a federal trial court, such as this Court, to enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, is irrelevant if the capacity to take jurisdiction is not given by the Constitution; to wit:

> It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it*. . . . To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed. 851 (1868) (emphasis added); accord, *Christianson v. Colt Industries Operating Co.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.*, 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies*, 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill*, 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis*, 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood*, 7 Cranch 504, 506, 3 L.Ed. 420 (1813). [Underline emphasis added.] *Finley v. United States*, 490 U.S. 545 (1989).

*Whereas:* The Constitution provides more than one form of law in which federal trial courts are authorized to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt; and

*Whereas:* It is unknown under which of those forms of law provided in the Constitution the Court is seated; and

*Whereas:* The Court has failed for 14 months of pretrial proceedings, to disclose to Defendant under which particular form of law the Court is seated or the constitutional authority that gives the Court the capacity to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Tyler County, Texas—which omission constitutes a denial of due process of law; and

*Whereas:* It is impossible for Defendant to mount a proper defense if Defendant does not know the constitutional authority that gives the Court the capacity to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Tyler County, Texas; and

*Whereas:* If Defendant is foreclosed from mounting a proper defense because the Court will not disclose the constitutional authority that gives the Court capacity as aforesaid, Defendant will not be able to have a fair proceeding; and

*Whereas:* Disclosure by the Court of the constitutional authority that allows the Court to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Tyler County, Texas, will allow Defendant to know the particular form of law under which the Court is seated and mount a proper defense,

*Wherefore:* Defendant hereby Demands disclosure of the constitutional authority that gives the Court the capacity to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Tyler County, Texas.

DATE:          September 14, 2015          Respectfully submitted,

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2329

### CERTIFICATE OF SERVICE

I, John Parks Trowbridge, Jr., hereby certify that on September 14, 2015, a true, correct, and complete paper copy of the foregoing DEFENDANT'S OBJECTION TO DENIAL OF DUE PROCESS OF LAW AND DEMAND FOR DISCLOSURE OF THE CONSTITUTIONAL AUTHORITY THAT GIVES THE COURT THE CAPACITY TO TAKE JURISDICTION AND ENTER JUDGMENTS, ORDERS, AND DECREES IN FAVOR OF THE UNITED STATES ARISING FROM A CIVIL OR CRIMINAL PROCEEDING REGARDING A DEBT, IN TYLER COUNTY, TEXAS, was served by first class United States Postal Service delivery upon the counsel of record as indicated below. Further, two paper copies of DEFENDANT'S OBJECTION TO DENIAL OF DUE PROCESS OF LAW AND DEMAND FOR DISCLOSURE OF THE CONSTITUTIONAL AUTHORITY THAT GIVES THE COURT THE CAPACITY TO TAKE JURISDICTION AND ENTER JUDGMENTS, ORDERS, AND DECREES IN FAVOR OF THE UNITED STATES ARISING FROM A CIVIL OR CRIMINAL PROCEEDING REGARDING A DEBT, IN TYLER COUNTY, TEXAS, were filed on September 14, 2015, by personal hand delivery to the Clerk of the District Court as indicated below.

Date: September 14, 2015

*/s/ John Parks Trowbridge*
John Parks Trowbridge, Jr.

Joshua David Smeltzer
U.S. Department of Justice
Tax Division
717 N. Harwood Street
Dallas, TX 75201-0000

Clerk of the United States District Court
    for the Eastern District of Texas
104 North Third Street
Lufkin, Texas 75901