IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED

SEP 3 0 2015

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 9:14-CV-138 |
| | § | |
| JOHN PARKS TROWBRIDGE, JR., et al, | § | |
| | § | |
| *Defendants.* | § | |

**DEMAND FOR DISMISSAL, WITH PREJUDICE, OF THIS ALLEGED CASE FOR
LACK OF CONSTITUTIONAL AUTHORITY THAT GIVES THE COURT THE
CAPACITY TO TAKE JURISDICTION AND ENTER JUDGMENTS, ORDERS, AND
DECREES IN FAVOR OF THE UNITED STATES ARISING FROM A CIVIL OR
CRIMINAL PROCEEDING REGARDING A DEBT, IN TYLER COUNTY, TEXAS**

The Court, having been given reasonable opportunity to produce the constitutional

authority that gives the Court the capacity to take jurisdiction and enter judgments, orders, and

decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt,

in Tyler County, Texas, i.e., the geographic area in which the alleged defendant, JOHN PARKS

TROWBRIDGE, JR. ("Trowbridge"), resides and the real property that is the object of the

instant alleged lawsuit is located—*which citation of authority would have revealed the particular*

*and heretofore unknown form of law under which the Court is seated*—, but having failed to

produce such constitutional authority, it is reasonable to conclude that no such authority exists

and there is no lawful basis for said lawsuit; to wit:

> *De non apparentibus et non existntibus eadem est ratio.* The law is the same
> respecting things which do not appear and things which do not exist.  John
> Bouvier, *Bouvier's Law Dictionary*, Third Revision (Being the Eighth Edition),
> revised by Francis Rawle (West Publishing Co.: St. Paul, Minn., 1914), p. 2130.

> *Idem est non probari et non esse ;  non deficit jus sed probatio.* What is not
> proved and what does not exist, are the same ;  it is not the defect of the law, but
> of proof.  *Id.* at 2136.

## DEMAND FOR RELIEF

WHEREFORE, Trowbridge hereby Demands the Court:

1. That the Court immediately dismiss with prejudice the instant alleged lawsuit as unlawful for the Court's lack of constitutional authority to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Tyler County, Texas;

2. That the Court award Trowbridge reasonable costs of $22,000 for defending this unlawful lawsuit over the last 14 months;

3. That the Court award Trowbridge exemplary damages of $22,000 for conducting and refusing to dismiss the instant unlawful, unconstitutional proceeding against Trowbridge for the last 14 months despite multiple valid and conclusive motions to dismiss for lack of jurisdiction filed by Trowbridge and no evidence of jurisdiction in the record of said proceeding;

4. That the Court order vacated as unlawful and void the May 23, 2014, Amended Final Judgment and Order of Sale and Vacature in the predecessor alleged lawsuit to the instant alleged lawsuit, i.e., United States District Court for the Southern District of Texas, Houston Division Civil Action H-14-27 ("Civil Action H-14-27"), for lack of constitutional authority that gives the district court in Civil Action H-14-27 the capacity to take jurisdiction and enter judgments, orders, and decrees in favor of the United States arising from a civil or criminal proceeding regarding a debt, in Harris County, Texas; and in respect thereof, that the Court order said district court to pay to Trowbridge costs, restitution, and damages as set forth herein below—substantiation and proof of which is attached hereto, made

fully part hereof, and incorporated herein by reference in the form of

Trowbridge's September 9, 2015, MOTION TO VACATE JUDGMENT AND

ORDER in Civil Action H-14-27; specifically:

    (a)  reasonable costs of:

        (i)  $27,500 in Civil Action H-14-27;

        (ii)  $42,500 in United States Court of Appeals for the Fifth Circuit No. 14-20333, and

        (iii)  $72,500 ($35,000 for Petition for Writ of Certiorari and $37,500 for Petition for Rehearing) in Supreme Court of the United States No. 14-1305;

    (b)  restitution in the amount of $620,600 ($357,000 in real property, $263,600 in personalty) for Trowbridge's loss of real property and irreplaceable personalty as a consequence of the aforesaid unconstitutional May 23, 2014, Amended Final Judgment and Order of Sale and Vacature;

    (c)  special damages of $11,251.45 (receipts attached);

    (d)  exemplary damages of $773,100; and

    (e)  general damages of $250,000; and

5.  For such other and further relief that the Court may deem just and fair.

DATE:    September 29, 2015        Respectfully submitted,

                                      John Parks Trowbridge, Jr.
                                      9816 Memorial Boulevard #205
                                      Humble, Texas
                                      (281) 540-2329



IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action H-14-27 |
| v. | § | |
| | § | |
| JOHN PARKS TROWBRIDGE, JR., *et al*, | § | |
| | § | |
| Defendants. | § | |

### MOTION TO VACATE JUDGMENT AND ORDER

John Parks Trowbridge, Jr. ("Trowbridge") hereby appears specially and respectfully

moves the Court to vacate as void the May 23, 2014, Amended Final Judgment (the "Judgment")

and Order of Sale and Vacature (the "Order") (copy of each attached) in the above-captioned

matter ("Civil Action H-14-27"), for having been entered in a manner inconsistent with due

process of law, as provided in Federal Rules of Civil Procedure 60(b)(4).

Upon Trowbridge's March 19, 2014, Motion to Dismiss for Lack of Jurisdiction (Dkt.

#18), there being no evidence of Trowbridge's residence in geographic area in which this Court

of general jurisdiction is authorized by the Constitution to hear and decide cases, the Court

showed partiality toward plaintiff United States (the "Plaintiff") and bias against Trowbridge by:

1.        Commanding *sua sponte*, both verbally (Dkt. #30, pp. 16-17 of 19) and in writing

(Dkt. #21), in exercise of general jurisdiction, that Plaintiff must promptly enter in evidence one

of Trowbridge's Form 1040 U.S. Individual Income Tax Returns, which the Court would use *sub*

*silentio* as evidence of a purported contractual / quasi-contractual right to hear and decide Civil

Action H-14-27, which purported right the Court would call "jurisdiction," to justify (a) denying

said motion to dismiss, (b) exercising jurisdiction in geographic area fixed by the Constitution

exclusively for courts of special jurisdiction, and (c) entering the Judgment and Order;

2.     Refusing—*by way of denial of Trowbridge's express May 8, 2014, Request for an Explanation of the Reason for the Court's Denial of Defendant's March 19, 2014, Motion to Dismiss (Dkt. #39)*—to disclose that the Form 1040 U.S. Individual Income Tax Return that the Court commanded *sua sponte* be promptly entered in evidence, was the only evidence the Court was using, *sub silentio*, as "proof" that Trowbridge resides in a geographic area in which the Court is authorized by the Constitution to exercise general jurisdiction;

3.     Denigrating Trowbridge and accusing Trowbridge of acting in bad faith (Dkt. #57 p. 3 of 9) for acts amounting to nothing more than exercise of Trowbridge's legal rights;

4.     Entering Judgment (Dkt. #53) *sua sponte* without regard for Plaintiff's unresolved April 4, 2014, motion for summary judgment (Dkt. #19); and

5.     Rejecting and foreshortening *sua sponte* by more than 50% the amount of time Plaintiff stated Plaintiff was prepared to give Trowbridge to gather Trowbridge's belongings (Dkt, #57 pp. 3-4 of 9) and vacate Trowbridge's home in respect of the Order—i.e., from 30 days to 14 days (Dkt. #54, p. 3 of 4)—an expedited process the omission of which would have worked no meaningful injury to Plaintiff's interests but which, following the Court's May 27, 2014, Order Denying Stay (Dkt. #60) of Trowbridge's Emergency Motion for Stay of Execution of Order of Sale and Vacature Pending Exhaustion of Remedy (Dkt. #56), resulted in tremendous personal and professional hardship on Trowbridge and the six people who work for and depend on Trowbridge for a paycheck (and the patients who receive medical care from Trowbridge), as well as loss of a substantial portion of Trowbridge's personalty and irreplaceable items of sentimental value accumulated over a lifetime, due to a shortage of time to remove them.

The above-cited acts and omissions reveal that (1) the Court, not Plaintiff, prosecuted Civil Action H-14-27, (2) the Court committed fraud upon the court, (3) Trowbridge did not

have a fair proceeding, and (4) the Judgment and Order were entered in a manner inconsistent

with due process of law; to wit:

> One of the very objects of law is the impartiality of its judges in fact and appearance. . . . The relevant consideration under § 455(a) is the appearance of partiality . . . not where it originated or how it was disclosed. . . . *Liteky v. United States*, 510 U.S. 540, 558 (1994).

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. . . . [T]o perform its high function in the best way "justice must satisfy the appearance of justice." Offutt v. United States, 348 U.S. 11, 14. *In re Murchison*, 349 U.S. 133, 136 (1955).

> Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. . . . It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function--thus where the impartial functions of the court have been directly corrupted. *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir., 1985).

> The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause. . . . *United States v. Sciuto*, 521 F.2d 842, 845 (7th Cir., 1976).

The Court is authorized and required to vacate judgments and orders entered in a manner

inconsistent with due process of law; to wit:

> A judgment is void if the court that rendered it . . . acted in a manner inconsistent with due process. *Margoles v. Johns*, 660 F.2d 291 (7th Cir. 1981) *cert. denied*, 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982); *In re Four Seasons Securities Laws Litigation*, 502 F.2d 834 (10th Cir.1974), *cert. denied*, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1975). Mere error does not render the judgment void unless the error is of constitutional dimension. *Simer v. Rios*, 661 F.2d 655 (7th Cir.1981), *cert. denied, sub nom Simer v. United States*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982). *Klugh v. United States*, 620 F.Supp. 892 (1985).

> We believe that a judgment, whether in a civil or criminal case, reached without due process of law is without jurisdiction and void . . . because the United States is forbidden by the fundamental law to take either life, liberty or property without due process of law, and its courts are included in this prohibition. . . . *Bass v. Hoagland*, 172 F.2d 205 (5th Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

[I]f a "judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment." *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir.1995). A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent with due process of law." *Id.* at 1316 (citations omitted) . . . *Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir., 2007).

"[D]enying a motion to vacate a void judgment is a per se abuse of discretion." *Burrell v. Henderson, et al*, 434 F.3d, 826, 831 (6th Cir., 2006).

## BACKGROUND

Civil Action H-14-27 is an alleged Federal debt collection proceeding whose subject matter is alleged income tax liability, and an action to foreclose on alleged federal tax liens recorded by claimant United States against real property owned by Trowbridge and arising from alleged unpaid federal income taxes, penalties, and interest assessed against Trowbridge by the Internal Revenue Service for tax years 1993–1997 totaling (as of September 1, 2013) $3,286,335.47 (Dkt. #1, pp. 1-2 of 3).

The record of Civil Action H-14-27 is devoid of competent proof, i.e. material evidence, that Trowbridge has actual residence in any geographic area in which a court of general jurisdiction, such as this Court, is authorized by the Constitution to exercise jurisdiction.

The only material fact in the record of this case relevant to the allegation, "Defendant, John Parks Trowbridge, Jr., resides within the jurisdiction of this Court" (Dkt. #1, p. 1 of 3), is that Trowbridge resides in Harris County, Texas (Dkt. #19-7, p. 4 of 27; Dkt. #19-8, p. 5 of 28).

The essence of this case is this Court's (1) dereliction of its duty to know, understand, and declare the law in respect of the controlling definition and meaning of the term "United States," as legislated by Congress in 26 U.S.C. 7701(a)(9) and 28 U.S.C. 3002(15), (2) denigration of Trowbridge for exclusive reliance on and usage of said controlling definition and meaning in all of Trowbridge's filings, and (3) insistence that the Court, a court of *general*

jurisdiction, has authority to hear and decide cases in geographic area fixed by the Constitution exclusively for courts of *special* jurisdiction; specifically, Harris County, Texas.

The Court states during a hearing on May 21, 2014, "But I conclude as a matter of law that North [*sic*[1]] Harris County [Texas] is part of the United States" (Dkt. #57, p. 3 of 9), thereby, evidently, inferring that Trowbridge, who resides in north Harris County, Texas, is a resident of the Title 26 U.S.C. "United States"—*effectively the District of Columbia only*—and therefore of the subject, and Trowbridge's property of the object, of Title 26 U.S.C.

The Court on May 23, 2014, in: (1) the Court's Judgment" (Dkt. #53) awards to Plaintiff $3,326,015.01 of Trowbridge's property, plus statutory additions accruing after April 7, 2014; authorizes Plaintiff to foreclose the subject liens; and awards to Plaintiff all right, title, and interest in, and right to possession of, said real property, and (2) the Court's Order (Dkt. #54), sets the parameters therefor.

The Court expedites Trowbridge's eviction *sua sponte* (Dkt, #57 pp. 3-4 of 9; Dkt. #54, p. 3 of 4) and denies Trowbridge's motion to stay the Order. (Dkt. #60).

## ARGUMENT

### A. The Court Denied Trowbridge The Constitutional Right Of Due Process Of Law.

#### 1. The Court denied Trowbridge the constitutional Right to have the instant controversy heard and decided by a Federal trial court of special jurisdiction.

##### FEDERAL TRIAL COURTS OF GENERAL JURISDICTION.

Courts that hear both civil and criminal matters are courts of general jurisdiction; to wit:

> The United States District Courts are trial courts. Trial courts, as opposed to appellate courts, are courts that hear both civil and criminal cases through examination and cross-examination by attorneys. . . . *The Oxford Companion to American Law*, Kermit L. Hall, editor in chief (Oxford University Press: Oxford, 2002), p. 175 (s.v. "Courts, United States").

---

[1] Whereas, there is no person by the name "North Harris County," "North" appears to be an error on the part of the Official Court Reporter and should be spelled with a lower-case "n."

The United States district courts are the trial courts of the federal court system. Within limits set by Congress and the Constitution, the district courts have jurisdiction to hear nearly all categories of federal cases, including both civil and criminal matters.  USCourts.gov, "District Courts," http://www.uscourts.gov/ FederalCourts/UnderstandingtheFederalCourts/DistrictCourts.aspx (accessed March 18, 2015).

§ 3002. Definitions
    As used in this chapter:
        . . . (2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.
        (3) "Debt" means—
            . . . (B) an amount that is owing to the United States on account of a[n] assessment, penalty . . . interest, tax . . . recovery of a cost incurred by the United States, or other source of indebtedness to the United States . . .
        . . . (8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.  Title 26 U.S.C. Chapter 176 *Federal Debt Collection Procedure*

On the federal level, the district courts are courts of general jurisdiction. . . . *West's Encyclopedia of American Law*, Volume 6 (West Group: St. Paul, Minn., 1998), p. 293.

The best-known courts are courts of GENERAL JURISDICTION, which have unlimited trial jurisdiction, both civil and criminal, within their jurisdictional area. At the federal level, these are called DISTRICT COURTS. . . . *Id.* at Volume 9, p. 316.

## FEDERAL TRIAL COURTS OF SPECIAL JURISDICTION.

That certain Constitution ordained, established, and implemented March 4, 1789,

Independence Hall, Philadelphia Pennsylvania (the "Constitution"), creates the federal judicial

power in Article 3 § 1 and defines the maximum extent of that power in Article 3 § 2(1); to wit:

Section. 1.
The judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. . . .

Section. 2.
The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to

Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

### CONSTITUTIONAL AUTHORITY FOR EACH SPECIES OF FEDERAL TRIAL COURT.

Courts ordained and established by Congress under authority of Article III of the Constitution are courts of *special* (or *limited*) jurisdiction; e.g.:

The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. . . .  *Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701(1982).

The Constitution provides impliedly for Federal trial courts of general jurisdiction at Article 4 § 3(2); to wit, in pertinent part:

The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; . . .

### JURISDICTION IS TERRITORIAL.

The geographic area in which a particular court has authority is a defined territory with fixed boundaries; to wit:

—Territorial jurisdiction.  Jurisdiction considered as limited to cases arising or persons residing within a defined territory, as a county, a judicial district, etc.  The authority of any court is limited by the boundaries thus fixed. . . .  Henry Campbell Black, *A Law Dictionary*, Second Edition (West Publishing Co.: St. Paul, Minn., 1910) (hereinafter "BLACK'S"), p. 673.

The Constitution authorizes Congress to exercise *limited* legislative power throughout the Union and *exclusive* legislative power in "Territory or other Property belonging to the United States" (Constitution, Article 4 § 3(2)); to wit:

It is clear that Congress, as a legislative body, exercise two species of legislative power: the one, limited as to its objects, but extending all over the Union: the other, an absolute, exclusive legislative power over the District of Columbia. . . .  *Cohens v. Virginia*, 19 U.S. 264, 434, 6 Wheat. 265, 5 L.Ed. 257 (1821).

The species jurisdiction that a Federal trial court is authorized to exercise, i.e., either *special* or *general*, is determined by (1) the particular geographic area (judicial district) in which the court is located, and (2) the species of legislative power the Constitution authorizes Congress to exercise in that particular area; to wit:

> Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. Turner v. Bank of North America, 4 Dall. 8, 10; United States v. Hudson & Goodwin, 7 Cranch, 32; Sheldon v. Sill, 8 How. 441, 448; Stevenson v. Fain, 195 U.S. 165. . . . *Kline v. Burke Constr. Co.*, 260 U. S. 226, 234 (1922).

Federal trial courts of *special* jurisdiction are under the exclusive control of the judicial branch of the national government and are limited to controversies of the character delineated in Article 3 § 2(1) arising in geographic area occupied by one of the several commonwealths united by and under authority of the Constitution and admitted into the Union.

Federal trial courts of *general* jurisdiction—such as this Court—are under the exclusive control of the legislative branch of the national government (Congress) and have authority "to hear nearly all categories of federal cases, including both civil and criminal matters" (USCourts.gov, *supra*, p. 6), arising in "Territory or other Property belonging to the United States" (Constitution, Article 4 § 3(2), *supra*, p. 7).

### DENIAL OF CONSTITUTIONAL RIGHT TO A FEDERAL TRIAL COURT OF SPECIAL JURISDICTION.

*Whereas:* It is indisputable that this Court is a Federal trial court of general jurisdiction; and

*Whereas:* It is indisputable that Trowbridge is a resident of the geographic area occupied by that certain commonwealth united by and under authority of the Constitution and admitted into the Union December 29, 1845, i.e., Texas; and

*Whereas:* It is indisputable that Trowbridge has no physical or economic presence or residence in fact in "Territory or other Property belonging to the United States" (*id.*); and

*Whereas:* It is indisputable that Trowbridge, a resident of Texas, has the constitutional Right to have a controversy between Trowbridge and the United States heard and decided in a Federal trial court of special jurisdiction,

*Wherefore:* It is indisputable that Trowbridge has been denied the Right to a Federal trial court of special jurisdiction, an aspect of denial of due process of law of constitutional dimension.

**2. The Court heard and decided Civil Action H-14-27 without constitutional authority.**

PLAIN STATEMENT OF FACTS.

When Plaintiff fails for 19 days to enter in evidence proof of jurisdiction following filing of Trowbridge's March 19, 2014, Motion to Dismiss for Lack of Jurisdiction (Dkt. #18): At a hearing held on April 7, 2014, for no apparent reason and without prompt from Plaintiff or Trowbridge regarding any of Trowbridge's tax returns, the Court asks Plaintiff, "Do you have a copy of one of these objectionable tax returns?" (Dkt. #30, p. 15 of 19).

The transcript of said hearing also attributes the following statements to the Court: "Well, I would like just to see an exemplar" (*id.*); "And just the 1040, the first couple of pages of it, plus whatever attachment would affect liability" (*id.* at 16-17 of 19); "I want you just to file it . . ." (*id.* at 17 of 19); "Just file one as - -" "- - the attachment the Court ordered" (*id.*); and "I just want to see what one looks like" (*id.*).

When Plaintiff comments to the Court, "We didn't include those [Trowbridge's tax returns] just because we didn't feel we needed to, but I can get a copy" (*id.* at 16 of 19), the Court replies, "Well, just one" (*id.*).

Following the Court's instructions to Plaintiff at the aforesaid April 7, 2014, hearing, the Court, in exercise of general jurisdiction, commands Plaintiff by Management Order (Dkt. #21): "The United States must promptly give the court one of the objectionable tax returns."

Plaintiff, on April 14, 2014, files in the record "United States' Court Ordered Supplement" (Dkt. #24) and attaches thereto a copy of Trowbridge's Form 1040 U.S. Individual Income Tax Return for 1997 (Dkt.#24-1) (the "1997 Form 1040").

The Court never reveals why the filing of one of Trowbridge's tax returns was so urgent / important.  Following filing of the 1997 Form 1040, the Court never raises the subject again.

After six weeks with no ruling on the motion to dismiss, Trowbridge files on May 1, 2014, Trowbridge's Request for Ruling on Defendant's March 19, 2014, Motion to Dismiss (Dkt. #33).

The next day, May 2, 2014, 44 days after the filing of the March 19, 2014, motion to dismiss, the Court issues an order (Dkt. #34) denying said motion.

### Fraud upon the Court.

*Whereas:* Based on the foregoing, it is reasonable to conclude that that as of April 7, 2014, time is of the essence re the Court's verbal and written order commanding that Plaintiff must promptly file in the record one of Trowbridge's tax returns; and

*Whereas: "Non refert quid notum sit judici, si notum non sit in forma judici.* It matters not what is known to the judge, if it is not known to him judicially"[2]—and, there being no evidence that Trowbridge resides in a geographic area in which a court of general jurisdiction, e.g., the Court, has authority: To be justified in denying Trowbridge's March 19, 2014, motion to dismiss, the Court needed something that would allow the Court to treat Trowbridge as a resident of geographic area in which the Constitution authorizes the Court to hear and decide cases; and

---

[2] John Bouvier, *Bouvier's Law Dictionary,* Third Revision (Being the Eighth Edition), revised by Francis Rawle (West Publishing Co.: St. Paul, Minn.: 1914), p. 2150.

*Whereas:* On April 7, 2014, the record of Civil Action H-14-27 is devoid of evidence that Trowbridge has residence in fact in "Territory or other Property belonging to the United States" (Constitution, Article 4 § 3(2)), only geographic area in which a Federal trial court of general jurisdiction, such as the Court, has authority to hear and decide cases; and

*Whereas:* As of April 7, 2014, Plaintiff has failed for 19 days since the filing of Trowbridge's March 19, 2014, Motion to Dismiss for Lack of Jurisdiction, to enter in evidence anything that would suggest or allow the Court to presume that Trowbridge is a resident of "Territory or other Property belonging to the United States" (*id.*), and is unaware (Dkt. #30, p. 16 of 19) of the Court's need for such evidence in order to be able to justify denying Trowbridge's March 19, 2014, Motion to Dismiss for Lack of Jurisdiction; and

*Whereas:* Standard application of the basic rules of statutory construction to the controlling 26 U.S.C. 7701(a)(9) definition of the term "United States" reveals that Congress define said term in a geographical sense to mean the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands and no other thing—the statutory *States*[3] of the Title 26 U.S.C. geographical United States (Dkt. #28, pp. 34-35 of 42); and

*Whereas:* Residents of the aforesaid insular Title 26 U.S.C. States of the Title 26 U.S.C. geographical United States are not liable to tax under Title 26 U.S.C.  (*Id.* at 35 of 42); and

---

[3] In the colloquial expression "50 States," the meaning of the Title 26 U.S.C. term "State" is the District of Columbia—the only 26 U.S.C. 7701(a)(10) State whose residents are liable to tax under 26 U.S.C.; to wit: "[T]axing statutes are subject to strict construction . . ." (*A Dictionary of Law*, Seventh Edition, Jonathan Law and Elizabeth Martin, editors (Oxford University Press: Oxford, 2009), p. 295)—and the *50 States* are the purported 50 bodies politic (political subdivisions) of the District of Columbia residing *without* the exterior limits of the District of Columbia in geographic area occupied by one of the 50 respective commonwealths united by and under the authority of the Constitution and admitted into the Union, such as Texas, each of whose "members" at some point performed some act or made some statement—such as the signing and making of a Form 1040 U.S. Individual Income Tax Return—which actors in government regarded, *sub silentio* and unilaterally, as an *"alien [nonresident of any of the Title 26 U.S.C. States of the Title 26 U.S.C. geographical United States] showing a definite intention to acquire residence in the [Title 26 U.S.C. geographical] U.S. [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only]."* 26 C.F.R. 1.871-4(c)(2)(iii).

*Whereas:* The only 26 U.S.C. 7701(a)(10) State of the Title 26 U.S.C. 7701(a)(9) geographical United States whose residents are liable to tax under Title 26 U.S.C. is the District of Columbia; and

*Whereas:* General legislation at 26 U.S.C. 7701(b)(1)(B) *Nonresident alien* provides, in pertinent part, that *"An individual is a nonresident alien if such individual is neither a citizen of the [Title 26 U.S.C. geographical] United States nor a resident of the [Title 26 U.S.C. geographical] United States . . . ";* and

*Whereas:* Trowbridge is a 26 U.S.C. 7701(b)(1)(B) nonresident alien; and

*Whereas:* General legislation at 26 U.S.C. 6013 provides, in pertinent part:

> (g) Election to treat nonresident alien [Trowbridge] individual as resident of the [Title 26 U.S.C. geographical] United States [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only]
> (1) In general
> A nonresident alien [Trowbridge] individual with respect to whom this subsection is in effect for the taxable year shall be treated as a resident of the [Title 26 U.S.C. geographical] United States [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only]—
> > (A) for purposes of chapter 1 for all of such taxable year, and
> > (B) for purposes of chapter 24 (relating to wage withholding) for payments of wages made during such taxable year.
> . . . (h) . . . year in which nonresident alien [Trowbridge] becomes resident of [Title 26 U.S.C. geographical] United States [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only]
> (1) In general
> If—
> > (A) any individual is a nonresident alien individual at the beginning of any taxable year but is a resident of the [Title 26 U.S.C. geographical] United States [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only] at the close of such taxable year,
> > . . . then the individual referred to in subparagraph (A) shall be treated as a resident of the [Title 26 U.S.C. geographical] United States [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only] for purposes of chapter 1 for all of such taxable year, and for purposes of chapter 24 (relating to wage withholding) for payments of wages made during such taxable year. [and]

*Whereas:* General legislation at 26 C.F.R. 1.871-4(c)(2)(iii) provides, in pertinent part:

§ 1.871-4 - Proof of residence of aliens.
(a) *Rules of evidence.* The following rules of evidence shall govern in determining whether or not an alien within the [Title 26 U.S.C. geographical] U.S. [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only] has acquired residence therein for purposes of the income tax.
(b) *Nonresidence presumed.* An alien [Trowbridge] by reason of his alienage, is presumed to be a nonresident alien.
(c) *Presumption rebutted—*(1) *Departing alien.* . . .
(2) *Other aliens.* In the case of other aliens, the presumption as to the alien's nonresidence may be overcome by proof—
. . . (iii) Of acts and statements [e.g., a Form 1040 tax return] of the alien [Trowbridge] showing a definite intention to acquire residence in the [Title 26 U.S.C. geographical] U.S. [i.e., for purposes of tax under Title 26 U.S.C., the District of Columbia only] . . .

*Wherefore:* In its exercise of general jurisdiction, the Court on April 7, 2014, substantially assumes responsibility for prosecution of Civil Action H-14-27 by commanding *sua sponte* both verbally and in writing that Plaintiff must promptly enter in the record what the Court needs and will use against Trowbridge unilaterally and *sub silentio* as prima facie evidence of an act or statement purportedly showing a "definite intention to acquire residence" (26 C.F.R. 1.871-4(c)(2)(iii), *supra*) in the District of Columbia—i.e., "Territory or other Property belonging to the United States" (Constitution, Article 4 § 3(2)) and geographic area in which a court of general jurisdiction, such as the Court, is authorized by the Constitution to hear and decide cases—a fraud upon the court evincing that it was impossible for Trowbridge to have a fair proceeding, an aspect of denial of due process of law of constitutional dimension.

## THE 1997 FORM 1040 DOES NOT CONSTITUTE EVIDENCE OF "A DEFINITE INTENTION TO ACQUIRE RESIDENCE IN THE [TITLE 26 U.S.C. GEOGRAPHICAL] U.S."

*Whereas:* Evidence attached to and part of the 1997 Form 1040 in the form of Trowbridge's October 15, 1998-notarized "DISCLAIMER STATEMENT DENYING ANY TAX LIABILITY" (Dkt. #24-1, pp. 13-15 of 16) documents that Petitioner's apparent alleged general election to be treated as a resident of the Title 26 U.S.C. geographical United States by

way of the 1997 Form 1040 was made unwittingly by mistake (*id.*), obtained by the Internal

Revenue Service through fraud on the part of Internal Revenue Agent Roy Fite (*id.*), and that

Trowbridge never had any such intention (*id.*); and

   *Whereas:* The aforesaid DISCLAIMER STATEMENT DENYING ANY TAX

LIABILITY contradicts, overcomes, and renders immaterial the 1997 Form 1040 as evidence of

any "intention to acquire residence in the [Title 26 U.S.C. geographical] U.S." (26 C.F.R. 1.871-

4(c)(2)(iii)) on the part of Trowbridge,

   *Wherefore:* The Court's use of the 1997 Form 1040 as "evidence" of Trowbridge's

alleged 26 U.S.C. 6013 general election to be treated as a resident of the Title 26 U.S.C.

geographical United States is without merit and a fraud upon the court.

### WHY THE PURPORTED 26 U.S.C. 6013 ELECTION FACILITY IS A HOAX AND A NULLITY.

   No one has the right to elect (choose) to be treated as a resident of a geographic area in

which he has no residence in fact for the purpose of taxation; to wit:

> 12. While one's statements may supply evidence of the intention requisite to
> establish domicile at a given place of residence, they can not supply the fact of
> residence there; and they are of slight weight when they conflict with the fact.
> This is the more so where, as here, the statements are shown to have been inspired
> by the desire to establish a nominal residence for tax purposes, different from the
> residence in fact. P. 425. In such circumstances, the actual fact of the place of
> residence and the person's real attitude and intention with respect to it as *400
> disclosed by his course of conduct are the controlling factors in ascertaining his
> domicile. When one intends the facts to which the law attaches consequences, he
> must abide the consequences whether intended or not. 13. One can not elect to
> make his home in one place in point of interest and attachment and for the general
> purposes of life, and in another, where he in fact has no residence, for the purpose
> of taxation. P. 426. . . . *Texas v. Florida*, 306 U.S. 398 (1939).

   *Whereas:* Trowbridge has never had the right to elect to be treated as a resident of the

Title 26 U.S.C. geographical United States for the purpose of taxation; and

   *Whereas:* No actor in government has ever had the right to treat Trowbridge as a resident

of the Title 26 U.S.C. geographical United States for the purpose of taxation; and

*Whereas:* Jurisdiction is "limited to cases arising or persons residing within a defined

territory, as a county, a judicial district, etc." (BLACK'S, *supra,* p. 7) and "The authority of any

court is limited by the boundaries thus fixed" (*id.*); and

*Whereas:* The alleged 26 U.S.C. 6013 election facility is discretionary / optional and

therefore an alleged contractual / quasi-contractual—i.e., *not jurisdictional*—matter; and

*Whereas:* The Court, in the Court's May 13, 2014, Second Order Denying Dismissal

(Dkt. #42) declares, among other things, "This court has jurisdiction" and cites by footnote not

the actual fact of the place of Trowbridge's residence or the geographic area in which the Court

is authorized by the Constitution to hear and decide cases as the reason therefor, but rather a

statute (28 U.S.C. 1340 (2012)), evincing that the Court (1) knows that Trowbridge resides not

within the jurisdiction of the Court as alleged by Plaintiff (Dkt. #1, p. 1 of 3), and (2) asserts

"jurisdiction" but rather is using—*sub silentio* and fraudulently—an alleged contractual / quasi-

contractual *right* as the basis of the Court's authority to hear and decide Civil Action H-14-27,

the 1997 Form 1040 being "proof" (immaterial prima facie evidence) thereof,

*Wherefore:* The Court's assertion "This court has jurisdiction," despite no actual

evidence of jurisdiction is willful and perjurious and a fraud upon the court under color of law, a

denial of due process of law of constitutional dimension.

## B. Civil Action H-14-27 Was Not A Fair Proceeding.

The transcript of the May 21, 2014, hearing (Dkt. #57, pp. 3-4 of 9) (the "Transcript")

provides the following exchange between the Court and counsel for the United States:

> THE COURT: . . . The United States is free to go by slang nicknames if it
> chooses. Whether it goes by the United States of America or the United States or
> USA or what as we say in Texas, "Murica," that's fine. The rules allow
> pleading in common names or official names.
>      The confusion -- and I actually don't think Trowbridge has a clue what all
> this means. Frankly, you can't. But he got it from somebody. As I mentioned last

time, he lives up there around Dr. Jaikaran. And there are two approaches. He's using it even though he probably knows it's meaningless because he has no other way he thinks of avoiding it, so - - or he's delusional and believes it. But by spending your time being rational with an irrational purpose would be irrational.
    So when do you want him evicted?

*MR. SMELTZER:* I was prepared to give Mr. Trowbridge 30 days if he needed it to gather his belongings. I don't know if he - - sometimes people are less than willing to leave and we are required to use the Marshal Service but - -

*THE COURT:* Well - -

*MR. SMELTZER:* - - I thought that 30 days was reasonable.

*THE COURT:* - - the problem is the adverse decision by the Board of Tax Appeals, which just pretends to be a court, was June 4th, 2003. So he's had 11 years.

*MR. SMELTZER:* That's true.

*THE COURT:* So you add up 30 days, plus 11 years that he has known of the problem, has, as near as I know, done nothing constructive by way of negotiation or payment or anything else.

*MR. SMELTZER:* No, he has not.

*THE COURT:* And he has been obstreperous. Because I don't like calling people insane, I'll assume he's being dishonest, I think that's a step up, in using all of this stuff.
    Today is the 21st of May. I believe he needs to be out by noon May 30th.

*MR. SMELTZER:* That is fine by me, Your Honor.

*THE COURT:* There is simply no sense in our allowing him further to do it, that is, to occupy.

## 1. The Court denigrated Trowbridge for taking responsibility for knowing and understanding the law and exercising Trowbridge's legal rights.

When Congress omit to provide a definition for a particular word or legal term in a

particular statute, great care must be taken to ensure proper interpretation thereof; to wit:

> Although the District of Columbia Income Tax Act made "domicile" the fulcrum of the income tax, the first ever imposed in the District, it set forth no definition of that word. To ascertain its meaning we therefore consider the Congressional history of the Act, the situation with reference to which it was enacted, and the existing judicial precedents, with which Congress may be taken to have been

familiar in at least a general way. United States v. Dickerson, 310 U.S. 554, 562. *District of Columbia v. Murphy*, 314 US 441, 449 (1941)

"*Ignorantia excusator, non juris sed facti.* Ignorance of fact may excuse, but not ignorance of law" (BOUVIER'S (*see* fn. 2, p. 10, supra), p. 2136), and "*Ignorance of law* consists of the want of knowledge of those laws which it is our duty to understand, and which every man is presumed to know" (*id.* at 1488).

When Congress *do* provide a specific definition for a certain term in a particular body of statutory law, everyone has a duty to understand and know the meaning thereof, legal professionals doubly so, and no one has any discretion to take said term in any other way than that provided by Congress; to wit:

> The words of a statute are to be taken in their ordinary and popular meaning, <u>unless they are technical terms</u> or words of art, <u>in which case they are to be understood in their technical sense</u>. . . . [Underline emphasis added.]  Henry Campbell Black, *Handbook on the Construction and Interpretation of the Laws* (West Publishing Co.: St. Paul, Minn., 1896), Sec. 57, p. 128.

> Linguistic inference canons provide guidelines about what the legislature likely meant, given its choice of some words and not others. The linguistic inference canons include classic logical canons such as *expressio unius*, *noscitur a sociis*, and *ejusdem generis*. Other inferential rules encourage interpreters to <u>follow the ordinary usage of text unless the legislature has itself defined the word</u> or the phrase has acquired a technical meaning. . . . [Footnotes omitted; underline emphasis added.] Jacob Scott, "Codified Canons and the Common Law of Interpretation," *The Georgetown Law Journal*, Vol. 98, Issue 2, January 2010, pp. 352-353.

> Table 1. Linguistic Inference Canons . . .
> . . . Ordinary usage: <u>Follow ordinary usage of terms, unless the legislature gives them a specified or technical meaning</u>. . . .
> Dictionary definition: <u>Follow dictionary definitions of terms, unless the legislature has provided a specific definition</u>.  [Underline emphasis added.]  *Id.* at 357.

"*Qui jure suo utitur, nemini facit injuriam.* He who uses his legal rights harms no one" (BOUVIER'S, p. 2157)—but the Transcript reveals that the Court condemns Trowbridge for

exercising Trowbridge's legal rights and relying on and referring to the statutes of Congress for

the meaning of the definition of the Title 26 and 28 U.S.C. term "United States"; to wit:

> I actually don't think Trowbridge has a clue what all this [United States, United
> States of America, USA] means. . . . And there are two approaches. He's using it
> [controlling definition of "United States" in Titles 26 and 28 U.S.C.] even though
> he probably knows it's meaningless [insinuation that "United States" has no
> special meaning in Title 26 or 28 U.S.C. and Trowbridge is acting in bad faith]
> because he has no other way he thinks of avoiding it [inference that Trowbridge is
> acting in bad faith or for purposes of delay or both: tacit denigration of
> Trowbridge for exercising Trowbridge's legal rights], so - - or he's delusional and
> believes it [inference that Trowbridge is delusional for maintaining fidelity to the
> controlling definition of "United States" provided by Congress in Titles 26 and 28
> U.S.C. and exercising Trowbridge's legal rights]. But by spending your time
> being rational with an irrational purpose would be irrational [inference that
> Trowbridge is irrational for adhering to the controlling definition of "United
> States" in Titles 26 and 28 U.S.C.; inference that Trowbridge's exercise of
> Trowbridge's legal rights is irrational].

**2. The Court prosecuted *sua sponte* and in exercise of general jurisdiction, Civil
Action H-14-27 with bias against Trowbridge, using pejorative epithets to
characterize Trowbridge for observing controlling law in Titles 26 and 28 U.S.C.
and exercising Trowbridge's legal rights, citing the amount of time expended
doing so as the reason Trowbridge's eviction should be expedited.**

Plaintiff states "I was prepared to give Mr. Trowbridge 30 days if he needed it to gather

his belongings" and "I thought that 30 days was reasonable," to which the Court replies:

> "[T]he problem [an alleged debt] is the adverse decision by the Board of Tax
> Appeals [United States Tax Court], which just pretends to be a court, was June 4th,
> 2003. So he's had 11 years [false inference that Trowbridge has neglected a legal
> duty for 11 years]. . . . So you add up 30 days, plus 11 years that he has known of
> the problem [an alleged debt], has, as near as I know, done nothing constructive
> by way of negotiation or payment or anything else [i.e., has not volunteered to
> negotiate or pay the alleged debt]. . . . And he has been obstreperous [no evidence
> of obstreperousness per se; the Court equates Trowbridge's choice to litigate
> (rather than negotiate and pay) an alleged debt with obstreperousness]. Because I
> don't like calling people insane [denigration of Trowbridge for observing the Title
> 26 and 28 U.S.C. definition and meaning of "United States" and insinuation that
> Trowbridge is insane for doing so], I'll assume he's being dishonest [denigration
> of Trowbridge for insisting on the law], I think that's a step up, in using all of this
> stuff [controlling definition of "United States" in Titles 26 and 28 U.S.C.]. Today
> is the 21st of May. I believe [evidence that the Court, not Plaintiff, is prosecuting
> Civil Action H-14-27] he needs to be out by noon May 30th [nine days later]. . . .
> There is simply no sense in our allowing him further to do it, that is, to occupy.

**3. The Court entered the Judgment and Order without regard for Plaintiff's unresolved April 4, 2014, motion for summary judgment, further evincing that the Court prosecuted this case *sua sponte*, in exercise of general jurisdiction.**

Whereas, the record of Civil Action H-14-27 reflects entry of Amended Final Judgment May 23, 2014 (Dkt. #53), said record is devoid of resolution of Plaintiff's April 4, 2014, United States' Motion for Summary Judgment and Memorandum in Support (Dkt. #19), signifying that said motion was extraneous to final disposition of this case and that the Court prosecuted Civil Action H-14-27 *sua sponte*, in exercise of general jurisdiction—against a resident of geographic area fixed by the Constitution exclusively for courts of special jurisdiction, who has no residence in fact in any geographic area in which any courts of general jurisdiction is authorized by the Constitution to hear and decide cases—justified by *sub silentio* use of immaterial prima facie evidence (the 1997 Form 1040) as "proof" of Plaintiff's allegation that *"Defendant, John Parks Trowbridge, Jr., resides within the jurisdiction of this Court"* (Dkt. #1, p. 1 of 5).

## CONCLUSION

> Courts, in our system, elaborate principles of law in the course of resolving disputes. The power and the prerogative of a court to perform this function rest, in the end, upon the respect accorded to its judgments. The citizen's respect for judgments depends in turn upon the issuing court's absolute probity. Judicial integrity is, in consequence, a state interest of the highest order. *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002).

In light of the hereinabove-cited evidence and defects in Civil Action H-14-27, Trowbridge hereby moves the Court to vacate the Court's May 23, 2014, Judgment and Order and afford Trowbridge such other relief as the Court deems proper.

DATE:        September 9, 2015        Respectfully submitted,

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2329

## CERTIFICATE OF SERVICE

I certify that on September 9, 2015, two copies of the attached **MOTION TO VACATE**

**JUDGMENT AND ORDER,** together with (two) attachments, was delivered by hand to the

Clerk of the United States District Court in Houston, Texas, for filing and one copy was served

via United States Mail, first class postage pre-paid, to counsel as follows:

> Joshua Smeltzer
> Department of Justice, Tax Division
> 717 N. Harwood, Suite 400
> Dallas, Texas 75201

John Parks Trowbridge, Jr.

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-14-27 |
| | § | |
| John P. Trowbridge, Jr., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Amended Final Judgment

1.  The United States of America:
    A.  Takes $3,326,015.01, plus statutory additions accruing after April 7, 2014, from John P. Trowbridge including his assumed name Freedom Ventures, UBO.
    B.  Has tax liens on Trowbridge's property, including 25117 Ramrock Drive, Porter, Texas 77365.
    C.  May foreclose its liens against 25117 Ramrock Drive.
    D.  Has all right, title, and interest in the property including the right to possession.

2.  The clerk will leave the case open for the court to supervise Trowbridge's eviction.

Signed on May 23, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
AVID J. BRADLEY, Clerk of Court
by _____ 5-27-14
Deputy Clerk

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-14-27 |
| | § | |
| John P. Trowbridge, Jr., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Order of Sale and Vacature

1.  The United States of America, having attached its liens, may foreclose 25117 Ramrock Drive, Porter, Texas 77365, also known as:

    > Lot 16, block 1, of Bentwood, section 1, a subdivision of 156.8 acres, out of the William Massey Survey, A-391, and the Mary Owens survey, A-405, in Montgomery County, Texas, as imposed by the map and dedication records in cabinet G, sheets 138A – 141A.

2.  The Internal Revenue Service is directed under 28 U.S.C. §§ 2001, 2002, and 2004, to offer the property at a commercially reasonable and public sale.

3.  The Service may access the property to preserve it, including retaining someone to change or install locks or other security on the property until the deed is delivered to a buyer.

4.  The terms and conditions of the sale are:

    A.  The sale will be free and clear of all liens or other claims inferior to the Service's lien.

TRUE COPY I CERTIFY
ATTEST:
DAVID J. BRADLEY, Clerk of Court
5-27-14
Deputy Clerk

B.    The sale is subject to building lines, laws, ordinances, and governmental regulations affecting the property and easements and restrictions of record.

C.    The sale of the property by public auction must be held on the front steps of the Montgomery County Courthouse.

D.    The date and time for the sale is to be announced by the Service.

E.    After the Service has determined the date and time for the sale, it must include it in the notice of sale and mail the notice, by regular and certified mail, return receipt requested, to:

Joshua D. Smeltzer<br>
Trial Attorney, Tax Division<br>
United States Department of Justice<br>
717 North Harwood, Suite 400<br>
Dallas, Texas 75201

John P. Trowbridge, Jr.<br>
9816 Memorial Boulevard, Suite 205<br>
Humble, Texas 77338

F.    The date and time of the auction must be announced by the Service by advertising the sale once each week for four consecutive weeks in at least one generally circulated newspaper in Montgomery County, Texas, through the Houston Association of Realtors, and otherwise at the discretion of the Service. The notice of sale will describe the property and the terms of the sale in this order in brief, direct, and plain English.

G.    The minimum bid will be determined by the Service and must be in the notice of sale. If the minimum bid is not met, the Service may hold a new sale with a reduced minimum bid.

H.    Each successful bidder must deposit at the time of the sale at least 10% of the bid by a certified or cashier's check payable to the United States District Court. Before being allowed to bid, bidders must have shown that they can comply.

I.    The buyer must pay the Service within 28 days after his bid is accepted by certified or cashier's check payable to the United States District Court. If the buyer does not comply, his deposit is forfeited and will be used to cover the expenses of the sale, with residue applied to Trowbridge's tax liabilities. The

clerk will distribute the deposit, by a check to the United States Treasury. The property will again be offered for sale under the terms of this order or sold to the next highest bidder. The United States may bid as a credit against its judgment without tender of cash.

J.     The sale is confirmed unless someone objects within 35 days. After confirmation, the Service will execute and deliver a deed conveying the property to the buyer.

K.     The sale is without right of redemption.

5.     Until Trowbridge vacates the property, he must preserve it in its current condition and insure it against fires and casualties. He must do nothing that reduces the value of the property like vandalism or recording liens.

6.     If Trowbridge interferes with the sale, vandalizes the property, or attempts to re-enter it, he may be punished with fines, incarceration, or both.

7.     By noon on June 6, 2014, Trowbridge must vacate the property. If he does not leave, the United States Marshal will evict him. The marshal may use reasonable force to enter the property and arrest people who interfere. Unremoved personal property is forfeited, and the Service must dispose of it in a commercially reasonable manner. Proceeds from the sale of his personal property must be applied to his tax liabilities.

8.     By June 9, 2014, Trowbridge must give Smeltzer his new address.

9.     After the sale is confirmed, the clerk will distribute the proceeds in this order:

A.     First, to the costs or fees of the clerk and marshal.

B.     Second, to the Service for the reasonable costs of the sale, which will be examined by the court at confirmation.

C.     Third, to *ad valorem* taxes due to Montgomery County.

D.     Fourth, to the United States of America for unpaid tax debts.

10.    All remaining proceeds are to be held by the clerk until this court orders otherwise.

11.    The United States Marshal will serve Trowbridge with this order.


Signed on May 23, 2014, at Houston, Texas.


Lynn N. Hughes
United States District Judge

**ELECTRONIC DATA CARRIERS OF TEXAS**
2228 WIRTCREST LANE, SUITE G
HOUSTON, TX 77055

**(713) 680-9600**

TEXAS MAX-3B
EFF 5/01/13

UPDATED   10/22/13
○ Form 160 (INS)
● Form 162 (VAL)

PRINT DATE   06/09/14
BOL NUMBER
P O NUMBER                    1

TXDMV  005344018C    USDOT 1811946

○ GP for _____ days  ● NTE  ○ Pre-Existing Contract

| ORIGIN | Customer data flows from the Cube Sheet. You may overwrite | DESTINATION | | □ Rate BOL |
|---|---|---|---|---|

Customer  JOHN TROWBRIDGE
Address
City   PORTER                        TX  Zip  77365
County  MONTGOMERY        Phone
XTRA STOP 1 ZIP _____   XTRA STOP 2 ZIP _____

Consignee   JOHN TROWBRIDGE
Address
City   HOUSTON                        TX  Zip  77055
County   HARRIS                 Cell
XTRA STOP 3 ZIP _____

| | | DATES | PickUp | Delivery |
|---|---|---|---|---|
| Invoice To: | Attn: | Earliest | | |
| Address | | Latest | | |
| City | State _____ Zip _____ | Preferred  06/06/14 | | |

□ Expedited @ 5000 Lbs    □ Complete Occupancy    □ Exclusive Use    □ Space Reservation
□ Selected Del @ _____ Lbs    Vehicle Cu Ft    No Cu Ft Ordered    No Cu Ft

| WEIGHT ADDITIVES | LIN FT | WT ADD | TRK | WEIGHT | | | G-MILES | © EaseMaker |
|---|---|---|---|---|---|---|---|---|
| Airplane, Glider | | | | | Truck 1 | Truck 2 | MILES | 30 |
| Camper, Camper Shell, unmounted | | | | Gross Weight | | | | |
| Boat, Sailboat <14 Ft | | | | Tare Weight | | | | |
| Boat, Sailboat 14 Ft+ | | | | NET Weight | | | | |
| Boat Trailer, any length | | | | AUTO Weight | | | DISCOUNTS | |
| Canoe, Skiff, Dinghie, Kayak 14 Ft+ | | | | WT Additives | | | ☑ BOTTOMLINE | |
| Travel Camper, Horse Trailer | | | | Total Weight | | | DISC | |
| Mini-Mobile Home | | | | COMBINED WEIGHT | | | SIT DISC | |

| TRANSPORTATION COSTS | BASED ON HOURLY RATES | | | NO | GROSS | DISCOUNT | NET CHG |
|---|---|---|---|---|---|---|---|
| LOCAL SERVICES: | 5 Trucks  5 Men  100.00 /HR  23.8 Hours | | | □ | 2375.00 | | 2375.00 |
| TRAVEL TIME CHARGES: | | | | □ | | | |
| TRANSPORTATION WEIGHT | Lbs  BILLED WEIGHT | Lbs | | □ | | | |
| FUEL SURCHARGE | Make sure your FUEL TABLE is up to date! | 14.00% | | □ | | | |
| ☑ ATC (Additional Transportation Cost) ORIGIN | OPTIONAL | 3.45 Cwt | | □ | | | |
| ☑ ATC (Additional Transportation Cost) DEST | OPTIONAL | 3.45 Cwt | | □ | | | |

| VALUATION | ● RVP @ _____ /LB | ○ DVP @ _____ /LB | ○ $0.60/Lb |
|---|---|---|---|
| COVERAGE | | COVERAGE | |
| ● No Ded @ _____ /$100 | | ● No Ded @ _____ /$100 | |
| ○ $250 Ded @ _____ /$100 | | ○ $250 Ded @ _____ /$100 | |
| ○ $500 Ded @ _____ /$100 | | ○ $500 Ded @ _____ /$100 | |

(□)

| PACKING SERVICES | | | | | |
|---|---|---|---|---|---|
| □ FULL SERVICE PACK | □ OT | 66.45 Cwt | _____ Lbs | □ | |
| □ FULL SERVICE UNPACK | □ OT | 15.20 Cwt | _____ Lbs | □ | |

| *CUSTOM PACKING / UNPACKING* | | | PACKING | | | UNPACKING | | | FOR CRATES, SEE "OTHER SERVICES" BELOW |
|---|---|---|---|---|---|---|---|---|---|
| □ EST | MATERIALS | | □ COPY | □ OT | | □ COPY | □ OT | | |
| DESCRIP | QTY | RATE | AMOUNT | QTY | RATE | AMOUNT | QTY | RATE | AMOUNT |
| Dishpack | 34 | 44.95 | 1528.30 | | 61.60 | | | 26.20 | |
| 1.5 Ctn | 16 | 8.95 | 143.20 | | 16.50 | | | 7.35 | |
| 3.0 Ctn | 1 | 13.15 | 13.15 | | 25.45 | | | 11.85 | |
| 4.5 Ctn | 4 | 15.55 | 62.20 | | 31.40 | | | 11.85 | |
| 6.0 Ctn | | 18.50 | | | 35.60 | | | 13.35 | |
| 6.5 Ctn | | 19.20 | | | 41.40 | | | 15.75 | |
| Wardrobe | | 33.10 | | | 19.95 | | | 12.70 | |
| Crib Matt | | 12.20 | | | 15.00 | | | 3.70 | |
| Sgl Matt | | 21.95 | | | 17.75 | | | 10.70 | |
| Dbl Matt | | 27.80 | | | 17.75 | | | 10.70 | |
| K/Q Matt | | 51.25 | | | 26.85 | | | 17.45 | |
| Long Sgl | | 30.40 | | | 18.40 | | | 10.70 | |
| Mirror Ctn | 36 | 34.40 | 1238.40 | | 54.30 | | | 22.65 | |
| *TOTALS* | 91 | | 2985.25 | | | | | | |
| NET CHARGE | | | 2985.25 | | CUSTOM PACKING  □ | | 2985.25 | | 2985.25 |

CUSTOM UNPKING  □

*NOTE: FOR LCD TV BOX, SEE "OTHER"*

Customer   **JOHN TROWBRIDGE**

2

## EXTRA STOPS

## BULKIES

| NO | DESCRIPTION | NO | DESCRIPTION | NO | DESCRIPTION | NO | DESCRIPTION |
|----|-------------|----|-------------|----|-------------|----|-------------|
| 1 | All Terrain Vehicle | 13 | Gun Safe/Cabinet | 25 | Pool Table | 37 | Tractor <25hp |
| 2 | Animal Kennel | 14 | Gym System | 26 | Riding Mower<25 | 38 | Tractor 25hp+ |
| 3 | Automobile | 15 | Harpsichord | 27 | Rowboat <14 Ft | 39 | Trailer <14 Ft |
| 4 | Big Screen TV (40"+) | 16 | Hot Tub | 28 | Safe 500 lbs or less | 40 | Trailer >14 Ft |
| 5 | Canoe <14 Ft | 17 | Jacuzzi | 29 | Satellite Dish>30 | 41 | Trampoline |
| 6 | Dinghie <14 Ft | 18 | Jet Ski | 30 | Skiff <14 Ft | 42 | Truck w Camper |
| 7 | Doll House | 19 | Kayak <14 Ft | 31 | Snow Mobile | 43 | Van (any size) |
| 8 | Dune Buggy | 20 | Motorcycle | 32 | Spa | 44 | Weight Lift Equip |
| 9 | Farm Equip >25hp | 21 | Organ | 33 | SUV | 45 | Weight Station |
| 10 | Go-Cart | 22 | Piano | 34 | SUV Truck | 46 | Whirlpool |
| 11 | Golf Cart | 23 | PickUp Truck | 35 | Stretch Limousine | 47 | Wind Surfer |
| 12 | Grand Clock | 24 | Playhouse | 36 | Tool Shed | 48 | Work Bench |

SELECTION:       NO       QTY       DESCRIPTION                RATE

## APPLIANCES

|  |  |  |  | QTY |
|--|--|--|--|-----|
| 1ST | 44.45 | ADDTL | 30.10 | ORIGIN |
| 1ST | 30.10 | ADDTL | 20.95 | DESTINATION |

## ELEVATOR / STAIRS / LONG CARRIES           O / D       NO FLTS

| ☐ ELEVATOR | _____ Lbs | _____ Cwt | _____ | _____ ELEVATOR |
| ☐ ELEVATOR | _____ Lbs | _____ Cwt | _____ | _____ ELEVATOR |
| ☐ STAIRS | _____ Lbs | _____ Cwt | _____ | |
| ☐ STAIRS | _____ Lbs | _____ Cwt | _____ | |

                                           NO ITEMS       NO FLTS
☐ PIANO/ORGAN IN     1ST   33.90     ADDTL   16.85
☐ PIANO/ORGAN OUT    1ST   33.90     ADDTL   19.00

                     WEIGHT        RATE        O / D     DISTANCE     NO CARRIES
☐ LONG CARRY    _____ Lbs    _____ Cwt    _____    _____ Ft
☐ LONG CARRY    _____ Lbs    _____ Cwt    _____    _____ Ft

## EXTRA LABOR               NO MEN     NO HRS     OT     RATE/HR

## WAITING TIME   *IF LESS THAN 200 MILES, 1 FREE HR; 200+ MILES = 2 FREE HRS*

| 1ST DAY ORIG | _____ TRUCK | _____ MAN | _____ HRS @ | _____ /HR |
| ADDTL DAYS | _____ TRUCK | _____ MAN | _____ HRS @ | _____ /HR |
| 1ST DAY DEST | _____ TRUCK | _____ MAN | _____ HRS @ | _____ /HR |
| ADDTL DAYS | _____ TRUCK | _____ MAN | _____ HRS @ | _____ /HR |

## SHUTTLE             WEIGHT              MILES

| ☐ AT ORIGIN | _____ LBS | _____ | ☐ OT |
| ☐ AT DESTINATION | _____ LBS | _____ | ☐ OT |

## SELF STORAGE PICKUP / DELIVERY

| ☐ AT ORIGIN | _____ LBS | ☐ OT |
| ☐ AT DESTINATION | _____ LBS | ☐ OT |

Customer   **JOHN TROWBRIDGE**

3

**OVERTIME LOAD / UNLOAD**
- ☐ AT ORIGIN _____ LBS _____ CWT ☐ _____ _____ _____
- ☐ AT DESTINATION _____ LBS _____ CWT ☐ _____ _____ _____

**ORIGIN STORAGE** ☐ Whole Shipment   Partial Weight _____ Lbs
LOCATION _____   DATE IN _____
_____ DATE OUT _____

| | | | | |
|---|---|---|---|---|
| 1st Day Stg _____ Lbs _____ Cwt | | ☐ | _____ _____ _____ |
| Whse Handling _____ Lbs _____ Cwt | | ☐ | _____ _____ _____ |
| Addtl Stg _____ Lbs _____ Cwt _____/Day X _____ | | ☐ | _____ _____ _____ |
| Valuation Type **RVP** 15% of _____ = _____ X _____ 15-Day Periods | ☐ | | _____ _____ _____ |

Bulky Items Stored:

☐ SIT PICKUP _____ Lbs _____ Miles
    ATTEMPT P/U _____ Truck _____ Man _____ HRS ☐ OT _____
○ SIT PICKUP BY CWT _____ Lbs _____ cwt

**DESTINATION STORAGE** ☐ Whole Shipment   Partial Weight _____ Lbs
LOCATION _____   DATE IN _____
    Auth No _____   DATE OUT _____

1st Day Stg _____ Lbs _____ Cwt
Whse Handling _____ Lbs _____ Cwt
Addtl Stg _____ Lbs _____ Cwt _____/Day X _____
Valuation Type **RVP** 15% of _____ = _____ _____ 15-Day Periods

Bulky Items Stored:

☐ SIT DELIVERY _____ Lbs _____ Miles
☐ ATTEMPTED DEL _____ Lbs _____ Miles ROUNDTRIP
    ☐ 2nd Whse Handling _____ Lbs _____ Cwt *N/A if shipment stays on van*
○ SIT DELIVERY BY CWT _____ Lbs _____ cwt
MAILING ADDRESS OF SHIPPER _____ Street _____
    City _____ ST _____ Zip _____

**PAPERING / PADDING**
_____ CU FT _____ /CU FT

**DIVERSION** *MUST BE >30 MILES; IF <12,000 LBS, $4.50CWT; IF 12,000 LBS+, $37.45*
_____ MILES DIVERTED _____ LBS

**TRAVEL TIME - EXTRA DRIVER**
_____ HRS OTR @ _____ /HR _____ RETURN MILES @ _____ MI

**SUPERVISORY PERSONNEL**
_____ MAN _____ HOURS ☐ OT _____ /HOUR

**THIRD PARTY SERVICES**

| | | | | | |
|---|---|---|---|---|---|
| ORIGIN | | ☐ | | | |
| ORIGIN | | ☐ | | | |
| ORIGIN | | ☐ | | | |
| ORIGIN | | ☐ | | | |
| DEST | STORAGE HANDLING 4480# (in) | 201.60 | ☐ | 201.60 | 201.60 |
| DEST | STORAGE 1ST MONTH | 179.20 | ☐ | 179.20 | 179.20 |
| DEST | STORAGE HANDLING 4480# (OUT) | 201.60 | ☐ | 201.60 | 201.60 |
| DEST | | | ☐ | | |

Customer    **JOHN TROWBRIDGE**

4

**OTHER SERVICES**

| | | | |
|---|---|---|---|
| ARMOR PACK LCD TV 30"- 59" | NO OF TVS | ☐ OT | ☐ |
| UNPACK LCD TV 30"- 59" | NO OF TVS | ☐ OT | ☐ |
| **CRATING** | **CRATE** | | ☐ |
| **UNCRATING** | **CRATE** | | ☐ |

**TOTAL CHARGES**   5,942.65    5,942.65

*COMMENTS*

© 2012 EaseMaker SoftWare

Merchant ID: 720000308348                                    Term ID: 001

# Sale - Approved

| | | |
|---|---|---|
| Date | 06/09/14 | Time 08:13:27 |
| Method of Payment | MasterCard | |
| Entry Method | Manual | |
| Account # | XXXXXXXXXXX1782 | |

| | |
|---|---|
| Order ID | 101697 |
| Approval Code | 00979B |
| **Amount** | **5,942.65** |

Customer Copy

```
PAGE:   1                  EDC MOVING SYSTEMS
                           2228 WIRTCREST #G
                           HOUSTON            TX
   *** HISTORY ***         /  /   THRU ~~/~~/~~
 9/29/15      TROWBRIDGE JOHN P           ACCOUNT #: 39396       SLSID: 100

   X D      --DATE-- TICKET NO.    ----DESCRIPTION--------DEBIT-- --CREDIT--CON. TOT

   N D      7/ 1/14   10169775    STG07/01/14-07/31/14     179.20
   N D      8/ 1/14   10169776    STG08/01/14-08/31/14     323.20
   N D      9/ 1/14   10169777    STG09/01/14-09/30/14     323.20
   N D     10/ 1/14   10169778    STG10/01/14-10/31/14     323.20
   N D     11/ 1/14   10169779    STG11/01/14-11/30/14     323.20
   N D     12/ 1/14   10169780    STG12/01/14-12/31/14     323.20
   N D      1/ 1/15   10169781    STG01/01/15-01/31/15     323.20
   N D      2/ 1/15   10169782    STG02/01/15-02/28/15     323.20
   N D      3/ 1/15   10169783    STG03/01/15-03/31/15     323.20
   N D      4/ 1/15   10169784    STG04/01/15-04/30/15     323.20
   N D      5/ 1/15   10169785    STG05/01/15-05/31/15     323.20
   N D      6/ 1/15   10169786    STG06/01/15-06/30/15     323.20
   N D      7/ 1/15   10169787    STG07/01/15-07/31/15     323.20
   N D      8/ 1/15   10169788    STG08/01/15-08/31/15     323.20
                      101697         CONTRACT TOTAL                          4380.

   N D      7/15/14   101697-02   TRANSIT INS 80,000       640.00
                      101697-        CONTRACT TOTAL                           640.

   N D      1/ 7/15   0107150000  CHECK  ET0107C04                  -323.20
                      01071500       CONTRACT TOTAL                          -323.

   N D      2/10/15   0210150000  CHECK  ET0209C07                  -323.20
                      02101500       CONTRACT TOTAL                          -323.

   N D      3/13/15   0313150000  CHECK  ET0313C05                  -323.20
                      03131500       CONTRACT TOTAL                          -323.

   N D      4/ 9/15   0409150000  CHECK  ET0409C05                  -323.20
                      04091500       CONTRACT TOTAL                          -323.

   N D      5/ 6/15   0506150000  CHECK  ET0506C06                  -323.20
                      05061500       CONTRACT TOTAL                          -323.

   N D      6/24/15   0624150000  CHECK  ET0624C01                  -323.20
                      06241500       CONTRACT TOTAL                          -323.

   N D      7/13/15   0713150000  CHECK  ET0713C06                  -323.20
                      07131500       CONTRACT TOTAL                          -323.

   N D      7/17/14   0717140000  CHECK  ET0716C04                 -1107.20
                      07171400       CONTRACT TOTAL                         -1107.

   N D      8/11/14   0811140000  CHECK  ET0808C12                  -323.20
                      08111400       CONTRACT TOTAL                          -323.

   N D      8/15/15   0815150000  CHECK  ET0814C03                  -323.20
                      08151500       CONTRACT TOTAL                          -323.
```

```
PAGE:  2                    EDC MOVING SYSTEMS
                            2228 WIRTCREST #G
                            HOUSTON              TX
   *** HISTORY ***          /  /   THRU ~~/~~/~~
  9/29/15      TROWBRIDGE JOHN P              ACCOUNT #: 39396        SLSID: 100

    X D      --DATE-- TICKET NO.     ----DESCRIPTION--------DEBIT-- --CREDIT--CON. TOT

    N D      9/ 4/14 0904140000   CHECK   ET0903C03                  -323.20
                     09041400        CONTRACT TOTAL                               -323.

    N D      7/15/14 101697-021   2 MTHS VAL JUN-JULY     288.00
                     101697-0        CONTRACT TOTAL                                288.

    N D     10/21/14 1021140000   CHECK   ET1020C02                  -323.20
                     10211400        CONTRACT TOTAL                               -323.

    N D     11/14/14 1114140000   CHECK   ET1113C04                  -323.20
                     11141400        CONTRACT TOTAL                               -323.

    N D     12/ 4/14 1204140000   CHECK   ET1204C03                  -323.20
                     12041400        CONTRACT TOTAL:                              -323.


                                                        BALANCE = $          .
```

## CERTIFICATE OF SERVICE

I certify that on September 29, 2015, the foregoing DEMAND FOR DISMISSAL, WITH

PREJUDICE, OF THIS ALLEGED CASE FOR LACK OF CONSTITUTIONAL AUTHORITY

THAT GIVES THE COURT THE CAPACITY TO TAKE JURISDICTION AND ENTER

JUDGMENTS, ORDERS, AND DECREES IN FAVOR OF THE UNITED STATES ARISING

FROM A CIVIL OR CRIMINAL PROCEEDING REGARDING A DEBT, IN TYLER

COUNTY, TEXAS was served via United States Mail, postage pre-paid, as follows:

Joshua Smeltzer
Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

John Parks Trowbridge, Jr.



**FedEx** Express

XX LFKA

TRK# 8747 6831 4622
0215

WED – 30 SEP 4:30P
STANDARD OVERNIGHT

75901
TX-US     SHV

**FedEx** Express
E

ORIGIN ID:HIFA   (800) 349-7846
9816 MEMORIAL BLVD
HUMBLE, TX 77398
UNITED STATES US

TO  CLERK OF THE UNITED STATES DIS
UNITED STATES COURT CLERK EAST
104 N 3RD ST

LUFKIN TX 75901

SS

RT 182          1
FZ B01    16:30   B
                 4622
                 09.30

SHIP DATE: 29SEP15
ACTWGT: 0.5 LB
CAD: 107705182/INET4590

BILL SENDER

---

**FedEx** Express   **US Airbill**

FedEx Tracking Number  8747 6831 4622

Form 0215

**1 From**

Date

Sender's Name                     Phone

Company   LCH-01

Address   9816 MEMORIAL BLVD

City   HUMBLE          State TX   ZIP 77398

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name                  Phone

Company

Address

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address

Use this line for the HOLD location address or for continuation of your shipping address.

HOLD Weekday

HOLD Saturday

fedex.com 1.800.GoFedEx 1.800.463.3339

**4a Express Package Service**   *To most locations.*

☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**   **To most locations.

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**   *Declared value limit $500.

☐ FedEx Envelope*
☐ FedEx Pak*
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling and Delivery Signature Options**

☐ SATURDAY Delivery

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

Does this shipment contain dangerous goods?

☐ No
☐ Yes As per attached Shipper's Declaration
☐ Yes Shipper's Declaration not required.
☐ Dry Ice
☐ Cargo Aircraft Only